CROALEY v. SCHWARZSCHILD & SULZBERGER CO. et al.

(Supreme Court, Appellate Division, First Department.   December 30, 1910.)

ACTION (§ 50*)—MISJOINDER OF CAUSES OF ACTION.

The complaint in an action against two defendants, containing no allegation serving to link them together as joint tort-feasors, but capable of being read as alleging that plaintiff was struck by two trucks, one owned by one defendant, and the other by the other. or that he was struck by one truck, and is uncertain to whom it belonged, and so in one place alleging it belonged to one of the defendants, and in another place that it belonged to the other defendant, in either case improperly combines two separate and distinct causes of action.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 526;   Dec. Dig. § 50.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Mary Croaley against the Schwarzschild & Sulzberger Company and another. From an order granting plaintiff's motion for a judgment on the pleadings, under Code Civ. Proc. § 547, defendants appeal. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILL-ER, and DOWLING, JJ.

Eugene M. Hawkins, for appellants.

Edgar H. Rosenstock, for respondent.

SCOTT, J. Appeal from order granting plaintiff's motion for judgment on the pleadings, which consist of a complaint and a demurrer for general insufficiency and for duplicity, in that a separate and distinct cause of action against each of two defendants has been alleged.

The complaint is a most curious document. It alleges that on a certain date the plaintiff was standing upon the sidewalk at the corner of Grand and Christie streets in the city of New York. It then alleges, in numerous numbered paragraphs, that the defendant Schwarzschild & Sulzberger Company owned, operated, and controlled a certain truck and the horses attached thereto, and that the said horses and truck were in the possession of and under the control of the servant, agent, or employé of said company, who was then driving the same, and that said company, its agent, servant, or employé, so carelessly drove and managed said horses and truck, or vehicle, that by reason of its negligence said wagon struck the plaintiff with great violence. Intermingled with these allegations, undertaking to state a cause of action against the Schwarzschild & Sulzberger Company, are precisely similar allegations respecting one Nicholas J. Schnepp, and undertaking to state a like cause of action against him.

The motion appears to have been granted upon the ground that the complaint alleges the joint negligence of both defendants; but we cannot so read it. There is no single allegation which serves to link the defendants together as joint tort-feasors. It may be read as alleging that the plaintiff was struck by two trucks owned by different persons; or, what is more probable, the plaintiff was struck by only one truck, but is uncertain to whom it belongs. In either case the complaint improperly combines two separate and distinct causes of action. The motion for judgment should have been denied.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.