VAN TUYL, Superintendent of Banks, v. SCHWAB et al.

(Supreme Court, Appellate Division, First Department.   May 5, 1916.)

1. ACTION ⊂⊐50(9)—JOINDER OF CAUSES—LIABILITY OF STOCKHOLDERS.

    The causes of action of the superintendent of banks, under Banking Law (Laws 1909, c. 10; Consol. Laws, c. 2) §§ 19, 196, against the various stockholders of a bank, to enforce their individual liability to the extent of the par value of their stockholdings, cannot be joined in an action at law.

    [Ed. Note.—For other cases, see Action, Dec. Dig. ⊂⊐50(9); Pleading, Cent. Dig. § 137.]

2. BANKS AND BANKING ⊂⊐49(6)—LIABILITY OF STOCKHOLDERS—ENFORCEMENT BY SUPERINTENDENT OF BANKS—EQUITABLE JURISDICTION—STATUTE.

    Under Banking Law, §§ 19, 196, giving the superintendent of banks power to enforce the individual liability of stockholders, and providing that the stockholders shall be individually responsible, "equally and ratably," for the existing debts of the corporation, the superintendent can sue in equity, joining the various stockholders of a bank, to enforce their statutory liability for the debts of the bank, since the necessity of apportioning the deficiency created by insolvency of any stockholders among the others until the liability of all has been exhausted might involve repeated actions against the same stockholders, so that equity has jurisdiction to avoid a multiplicity of suits and accomplish a perfect relief in a single action.

    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 76; Dec. Dig. ⊂⊐49(6).]

    Smith, J., dissenting.

Appeal from Special Term, New York County.

Action by George Van Tuyl, Jr., as Superintendent of Banks, against Charles M. Schwab and others.   From an order denying a motion to strike the case from the Special Term calendar, defendants appeal. Order affirmed.

See, also, 158 N. Y. Supp. 424.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SMITH, and PAGE, JJ.

Donald C. Strachan, of New York City, for appellants.

Joseph A. Kellogg, of Glens Falls, for respondent.

PAGE, J.   [1, 2]  Section 196 of the Banking Law (Laws 1909, c. 10; Consol. Laws, c. 2), which created the liability sought to be enforced in this action, provided that the stockholders of a banking corporation should be "individually responsible, equally and ratably, for the then existing debts of the corporation," in an amount not exceeding the par value of the stock held by each.   Section 19 of the same law gave the superintendent of banks the power under the conditions therein set forth to liquidate the affairs of the bank, and the statute provided that he "shall collect all debts due and claims belonging to it, and upon order of the Supreme Court may sell or compound all bad or doubtful debts and on like order may sell all real and personal property of such corporation or individual banker on such terms as the Court shall direct, and may, if necessary to pay the debts of such cor-

⊂⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

poration, enforce the individual liability of the stockholders." The facts entitling the plaintiff to maintain the action against each defendant are different. It must be shown that a demand has been made upon each, and each has refused to pay the assessment levied by the superintendent, and it is in each case a separate demand and refusal. It must be shown that each defendant is a holder of shares in the corporation, which are separate and distinct shares in each case. The liability of each shareholder is several, not joint, and arises out of different facts from that of his fellow shareholder. It is clear, therefore, that the causes of action against the various stockholders could not, in an action at law, be joined in one action. O'Brien v. Fitz Gerald, 143 N. Y. 377, 38 N. E. 371.

But the stockholders are responsible "equally and ratably" to the extent of the par value of their stockholdings. In order to apportion the liability among the stockholders equally and ratably, a marshaling of the assets of the corporation is necessary, after which the amount due from each stockholder may be tentatively determined. But in the event of any stockholder being shown to be insolvent, or if for any reason the judgment against him be uncollectible, the deficiency thus created will have to be apportioned among the solvent stockholders until the liability of all has been exhausted to its full extent. Marshall v. Sherman, 148 N. Y. 9, 22, 42 N. E. 419, 34 L. R. A. 757, 51 Am. St. Rep. 654; Van Tuyl v. Schwab, 165 App. Div. 412, 150 N. Y. Supp. 786. To accomplish this result at law would perhaps involve repeated actions against the same stockholder before his liability was completely exhausted, to say nothing of separate actions, each involving a long accounting against each stockholder. To avoid a multiplicity of suits and accomplish a perfect relief in a single action, it is therefore necessary to resort to the equitable side of the court. For this reason, I am of opinion that the motion to strike the case from the Special Term calendar was properly denied.

Order affirmed, with $10 costs and disbursements. Order filed.

CLARKE, P. J., and McLAUGHLIN and LAUGHLIN, JJ., concur. SMITH, J., dissents.