C. A. JOSEPH QUECK-BERNER, Respondent, *v.* MAX SPANN, Appellant.

(Supreme Court, Appellate Term, First Department, November, 1916.)

Removal of cause — Municipal Court — parties — when motion for order transferring cause to district in which defendant resides granted — Municipal Court Code, § 17.

Where neither of the parties to a Municipal Court action resides in the district in which it was brought, the court in that district under section 17 of the Municipal Court Code must

grant defendant's motion for an order transferring the cause to the district in which he resides.

That defendant upon the denial of his motion to transfer the cause proceeded to trial without further objection was not a waiver of his right to have the cause removed, nor did it preclude a review of the order denying his motion.

Appeal by the defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, rendered in favor of plaintiff and bringing up in the notice of appeal for review an order denying the defendant's motion to transfer the action to the sixth district, borough of Brooklyn.

Max Spann, for appellant.

Ely Rosenberg and Elias Feinsod, for respondent.

*Per Curiam.* The notice of appeal herein brings up for review an order denying the defendant's motion to transfer the trial of the action from the first district, borough of Manhattan, to the sixth district, borough of Brooklyn. At the joinder of issue the defendant filed a demand and a statement of the facts under oath in accordance with the provisions of section 17 of the Municipal Court Code, and asked for the transfer of the action. The affidavit of the defendant was undisputed, and showed that the plaintiff resided in Brooklyn, and that the defendant resided in the sixth district in Brooklyn. Notwithstanding this, the court below denied his motion for a transfer of the action. Section 17 of the Municipal Court Code provides that an action " must be brought in a district in which either the plaintiff or the defendant resides or one of the plaintiffs or one of the defendants resides unless all the plaintiffs and all the defendants reside out of the city of New York." The undisputed fact that neither party resided in the first district, borough

of Manhattan, and that the defendant resided in the sixth district, borough of Brooklyn, required the court to transfer the action to the latter district. The refusal to do so upon the proper and timely motion was error. The fact that the defendant subsequently proceeded to the trial of the action without further objection was not a waiver of his right to have the case removed or to prevent a review of the order denying his motion therefor. *Stephens* v. *Molloy,* 50 Misc. Rep. 518, and cases there cited.

If the Municipal Court Code permitted an appeal from an order " where it affects a substantial right," as provided in section 1347 of the Code of Civil Procedure, instead of limiting a review of such an order as this to an appeal from the judgment (Mun. Ct. Code, § 154), the necessity and expense of a new trial might have been avoided.

Judgment and order reversed and a new trial ordered in the sixth district, borough of Brooklyn, with thirty dollars costs to appellant to abide the event.

Present: GUY, BIJUR and SHEARN, JJ.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event.