DEXTER SULPHITE PULP AND PAPER COMPANY, Plaintiff, *v.* WILLIAM RANDOLPH HEARST and Others, Defendants.

*Injunctions — power of Appellate Division to entertain motion to vacate — when temporary order improperly granted.*

Motion to vacate temporary injunction granted, without prejudice to the motions now pending.

PER CURIAM: Under the unusual and peculiar circumstances disclosed by the record in this case, we think that this court should exercise the jurisdiction which it undoubtedly possesses to entertain the motion to vacate the temporary injunction granted herein. (*Matter of Barkley*, 42 App. Div. 597; *Matter of Mitchel* v. *Cropsey*, 177 id. 663.) The temporary injunction was improperly granted (Rules of Civil Practice, rule 155), and the same is vacated, without prejudice to the motions now pending. All concur.

---

GRANGER & CO. and EMPIRE PRODUCE COMPANY, Appellants, v. HARRY L. ALLEN, as Trustee in Bankruptcy of AMERICAN RAILWAY BROTHERHOOD ASSOCIATION, INC., Bankrupt, and CHARLES W. FINK and Others, Respondents.— Order affirmed, with ten dollars costs and disbursements. All concur.

GRANGER & CO. and EMPIRE PRODUCE COMPANY, Appellants, v. CHARLES W. FINK and Others, Respondents.— Order affirmed, without costs. All concur.

HARRY L. ALLEN, as Trustee in Bankruptcy of AMERICAN RAILWAY BROTHERHOOD ASSOCIATION, INC., Bankrupt, Appellant, v. CHARLES W. FINK, Respondent, and Thirty-six Other Actions Brought by the Same Plaintiff against Other Defendants.— Orders affirmed, without costs. All concur.

MARGARET A. YOUNG and Another, Respondents, v. AMERICAN CENTRAL INSURANCE COMPANY, ST. LOUIS, MISSOURI, Appellant.— Interlocutory and final judgments affirmed, with costs. All concur.

BRIAN J. KELLY, Respondent, v. HERBERT D. ALLTER, Appellant.— Judgment and order affirmed, with costs. All concur.

FRANK L. NARES, Respondent, v. CORNING AND PAINTED POST STREET RAILWAY, Appellant.— Judgment and order affirmed, with costs. All concur

MARY A. MORRIS, Respondent, v. SHELLEY G. CRUMP, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to abide event, on the ground that convenience of witnesses required the trial to be held in Monroe county, where the accident occurred. All concur, except Davis, J., who dissents upon the ground that the witnesses of the defendant are practically all his employees and that he made false statements in his motion papers which should preclude giving him any relief on this motion.