RALPH M. LEVEY COMPANY, Respondent, *v.* MORRIS FOX and HYMAN HOFFMAN, Appellants.

Supreme Court, Appellate Term, First Department, May Term — Filed June, 1923.

**Practice — Municipal Court, New York city — when actions in different districts will not be consolidated.**

An action for goods sold and delivered brought in one district of the Municipal Court of the city of New York may not be consolidated with an action brought in another district of said court by the defendants against the plaintiff herein for damages for breach of contract growing out of the same transaction, and an order granting a motion for the consolidation of both actions will be reversed and the motion denied

APPEAL by defendants from order of the Municipal Court of the city of New York, borough of The Bronx, first district, in favor of plaintiff.

*Percival E. Jackson*, for appellants.

*Irving J. Kurz*, for respondent.

GUY, J. Defendants appeal from an order of the Municipal Court, borough of The Bronx, first district, made on motion of the plaintiff herein consolidating with this action for goods sold and delivered an action growing out of the same transaction brought by defendants against plaintiff for damages for breach of contract in the Municipal Court, borough of Brooklyn, first district.

It is contended by the respondent that the Municipal Court is but a single court (see Mun. Ct. Code, § 5); and that under section 15 its practice is as nearly as may be analogous to the Supreme Court practice, which empowers the Supreme Court to consolidate actions growing out of the same transaction whenever it can be done without prejudice to a substantial right. Civ. Prac. Act, §§ 96, 97. See, also, *Posner* v. *Rosenberg*, 153 App. Div. 249, 253; *Goepel* v. *Robinson Machine Co.*, 118 id. 160, 162.

Section 17 of the Municipal Court Code provides that " An action must be brought in a district in which either the plaintiff or defendant or one of the plaintiffs or one of the defendants resides, unless all the plaintiffs or all the defendants reside out

8

of the city of New York." Subdivision 4 of said section provides that " An action or special proceeding may upon consent be transferred by the court to a district other than that in which it is pending." Subdivision 5 provides: " Nothing in this section shall be construed to prevent the board of justices from designating a part or parts of the court where special classes of cases shall be brought or tried, or the president of the board of justices from transferring cases from one district to another in the same borough."

It will be seen, therefore, that the statute specifically limits the transfer of cases to districts within the same borough, and also limits the exercise of the power of transfer to the president of the board of justices; although if an action be brought in the wrong district it may be transferred to the proper district, even if the proper district be in another borough. *Queck-Berner* v. *Spann*, 97 Misc. Rep. 423. A justice presiding in one district has, therefore, no power whatever to make by consolidation of actions a transfer of a case pending in another district to the district in which he is presiding. Such transfer would be in no sense essential to the disposition of the case pending in said district, it being optional with the defendant whether in answering he set up a counterclaim or reserve the right to bring a new action thereon. The general provision of the Municipal Court Code, section 15, " Except as otherwise provided in this act or in the rules, the practice, pleadings, forms and procedure in this court shall conform, as nearly as may be, to the practice, pleadings, forms and procedure existing at the time in like causes in the supreme court," has no applicability for the reason that it is " otherwise provided " in this act under subdivision 5 of section 17.

As the court had no power to direct the consolidation the order must be reversed, with ten dollars costs, and motion denied.

WHITAKER and MULLAN, JJ., concur.

Order reversed.