Dexter Sulphite Pulp & Paper Co. *v*. Hearst. No. 1. 101

App. Div. 101]        Fourth Department, June, 1923.

---

Dexter Sulphite Pulp and Paper Company, Respondent, *v.* William Randolph Hearst, Appellant, Impleaded with James E. Campbell and Others, Defendants. (Action No. 1.)

Fourth Department, June 29, 1923.

Pleadings — consolidation of actions — present action is in equity to foreclose vendor's lien on paper plant and to have an accounting — defendant, purchaser of plant, instituted action against plaintiff herein to have contract of sale adjudged null and void and for accounting — both actions were commenced before Civil Practice Act became effective — provisions of Civil Practice Act, § 96, relating to consolidation of actions are remedial and applicable — actions may be consolidated if plaintiff in one action is defendant in other — actions should not have been consolidated under circumstances.

Section 96 of the Civil Practice Act relating to the consolidation of actions is a remedial provision and by virtue of section 1569 of said act is applicable to actions brought under the Code of Civil Procedure.

The present action, which was instituted in Jefferson county to foreclose a vendor's lien upon a paper plant purchased by one of the defendants and for an accounting, should not have been consolidated on motion by the plaintiff with an action brought in New York county by the defendant purchaser against the plaintiff for the rescission of the contract on the ground of fraud, for the issues in each case are separate, the two trials will involve no duplication, and there will be no simplification. And furthermore, the result of consolidation will be to transfer the place of trial in the New York county action from New York county to Jefferson county, and it has already been decided in the New York county action that the place of trial of that action should not be transferred to Jefferson county.

A wide discretion should be allowed the Special Term in granting and denying motions to consolidate and it is no valid objection that the plaintiff in one of the actions is defendant in the other.

APPEAL by the defendant, William Randolph Hearst, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Jefferson and in the office of the clerk of the county of New York on the 6th day of March, 1923, granting plaintiff's motion to consolidate with this action an action brought by said defendant in the county of New York against the other parties hereto.

*Edgar T. Brackett* [*Nathan Burkan* and *Delos M. Cosgrove* with him on the brief], for the appellant.

*Nathan L. Miller* [*Samuel Seabury, Francis E. Cullen, H. Bartow Farr* and *George Trosk* with him on the brief], for the respondent.

SEARS, J.:

An order has been granted under section 96 of the Civil Practice Act consolidating with this action, which is pending in the Supreme Court in Jefferson county and which will be called the Jefferson county action, another action brought by the defendant Hearst against the other parties to this litigation. This other action, before the granting of the order of consolidation, was pending in the Supreme Court in New York county, and will be called the New York county action.

It appears that on May 1, 1920, the parties to this action, except the Dexter Sulphite Pulp and Paper Corporation, entered into a contract in writing by the terms of which the plaintiff agreed to sell, and the defendant Hearst to purchase, for the sum of $3,500,000 all the business and practically all the property of the plaintiff. The property of the plaintiff included about sixty parcels of real estate and a manufacturing plant, equipment, stock in trade and other personal property. Under the terms of this contract, a part of the purchase price, amounting to $100,000, was paid by the purchaser and the possession and control of the business and of part of the property sold were assumed by the defendant Hearst,

Dexter Sulphite Pulp & Paper Co. *v*. Hearst. No. 1. **103**

App. Div. 101]          Fourth Department, June, 1923.

and from about the 1st day of May, 1920, until about the 25th day of February, 1921, the business was conducted in the name of the defendant Hearst or in the name of the defendant Dexter Sulphite Pulp and Paper Corporation, a corporation organized by the defendant Hearst for the purpose of taking over some or all of the business.

On the twenty-fifth day of February the defendant Hearst notified the plaintiff in writing that he then considered the contract null and void and declared the same rescinded and terminated on the ground that the plaintiff had promised to pay to an agent of the defendant Hearst a large part of the purchase price of the said property for the purpose of influencing such agent to induce the defendant Hearst to enter into the contract, and that the defendant Hearst was induced by such unlawful acts to enter into the contract. The notice offered to return to the plaintiff the property, the possession and control of which had been transferred, and demanded the return by the plaintiff of the part of the purchase price which had been paid. The defendant Hearst then abandoning the property, the plaintiff took possession of it and has since been operating the business, according to its claim, as a vendor in possession for the benefit of the defendant Hearst.

The Jefferson county action is an equitable action based upon the contract. The prayer for judgment in the complaint is for a foreclosure of plaintiff's vendor's lien upon the property, and for an accounting, and a deficiency judgment.

The New York county action is an equitable action for rescission based on fraud. The complaint demands judgment that the contract be declared null and void, and an accounting ordered to the end that the parties may be restored to the condition they were in before the contract was made.

The statutory provisions relating to the consolidation of actions have been greatly liberalized by the Civil Practice Act. We entertain no doubt that section 96 of that act is a remedial provision and, by virtue of section 1569 of the Civil Practice Act, is applicable to actions brought under the Code of Civil Procedure. (*MacDonald v. Wills & Co., Ltd.*, 199 App. Div. 203; *General Investment Co. v. Interborough Rapid Transit Co.*, 200 id. 794; *Eagle-Picher Lead Co. v. Mansfield Paint Co., Inc.*, 201 id. 223.)

A wide discretion should be allowed the Special Term in granting and denying motions to consolidate, and it is no valid objection that the plaintiff in one of the actions is the defendant in the other, (*Goldey v. Bierman*, 201 App. Div. 527.) The power is, however, not unlimited and we are here called upon to determine whether even though no right of the defendant Hearst in the ordinary

sense was prejudiced, the granting of the order passes beyond the limits of a sound judicial discretion. (*Tripp* v. *Cook*, 26 Wend. 143, 151; *Union Stores Corp.* v. *Haight*, 126 App. Div. 291.)

The history of the two actions must be considered. The Jefferson county action was begun by the service of a summons without a complaint on the defendant Hearst on the 10th day of March, 1921. On the day before, a summons had been served on the defendants Campbell, but as the interests of these defendants are identical with the interests of the plaintiff, the effective beginning of the action dates from the service of the summons upon the defendant Hearst. An appearance having been entered for the defendant Hearst, the complaint was served on April 12, 1921. A demurrer was interposed by the defendant Hearst on several grounds, one being that there was a defect of parties defendant, and the plaintiff on the 18th day of June, 1921, obtained an order at Special Term permitting it to bring in by supplemental summons as a party defendant the Dexter Sulphite Pulp and Paper Corporation. This supplemental summons was served on that corporation on the 27th day of June, 1921, and on the eleventh day of June the plaintiff served an amended complaint on the attorney for the defendant Hearst in which the Dexter Sulphite Pulp and Paper Corporation was added as a party defendant. On July 27, 1921, a demurrer to the amended complaint was served by the defendant Hearst, and in December, 1921, the demurrer was argued at Special Term and was overruled by an order entered on the 20th day of February, 1923, and the appeal from the order overruling the demurrer is being determined at the same time as this appeal. (See *Dexter Sulphite Pulp & Paper Co.* v. *Hearst, No. 1,* 206 App. Div. 787.)

The New York action was begun by the service of a summons and complaint upon this plaintiff on the 11th day of March, 1921, one day later than the service of the summons on the defendant Hearst in the Jefferson county action. The Dexter Sulphite Pulp and Paper Company served its answer on the 16th day of April, 1921, and shortly thereafter served motion papers for a motion to change the place of trial to Jefferson county. This motion was denied on May 9, 1921, and upon appeal the order denying the motion was affirmed by the Appellate Division, First Department, on the 14th day of October, 1921. (*Hearst* v. *Dexter Sulphite Pulp & Paper Co.*, 198 App. Div. 987.) The action was noticed for trial by Hearst, the plaintiff in that suit, at Special Term in New York about May 1, 1921. On the 13th day of July, 1921, Hearst obtained an order in the New York county action for the examination of witnesses, and the depositions were

thereafter taken. In October, 1921, Hearst obtained an order to take further depositions, and such depositions have been taken. Following the regular calendar practice in New York county, the action was placed upon the ready calendar and appeared on the day calendar on Wednesday, April 5, 1922. No one appearing for the defendants, the court marked the case ready and passed it for the day, requesting the counsel for Hearst to communicate with the attorneys for the defendants in that case, which was done by telephone and telegraph. At the call of the calendar on April sixth, counsel appeared for Hearst, and the defendants in that case were also represented. Hearst's counsel requested the court to take and mark the case on trial, and the judge thereupon took the case and marked the same on trial, no objection being made thereto by the attorney representing the defendants in that action. Pleadings were then submitted to the judge, and in order to accommodate counsel for the defendants in that case, who was unable to be present on account of illness, the trial was set to commence on April twentieth. It was adjourned from that day to April twenty-sixth. On April twenty-sixth counsel for both sides appeared before the judge, and it seems to have been agreed that the judge should proceed with the trial at such time as would suit the convenience of all concerned. May seventeenth was thereafter set for the trial. The counsel for the defendants in that case were notified, but on the sixteenth day of May in a second Jefferson county action brought by this plaintiff against the defendant Hearst and others, a temporary injunction was granted staying the trial of the New York county action. This second action asked for no relief other than a permanent and temporary injunction restraining the further prosecution of the New York action. This temporary injunction was vacated by the Appellate Division, Fourth Department, in January, 1923 (*Dexter Sulphite Pulp & Paper Co.* v. *Hearst*, 205 App. Div. 863), previous to which time the motion papers were served upon the defendant Hearst, upon which the order now before us on appeal was granted. An appeal in said **second** action is likewise being determined at the same time as this appeal. (206 id. 787, 788.)

This action and the New York county action ought not to be consolidated. .

A separate trial of the actions will require no unnecessary time or labor. The determination of the New York county action may or may not end the entire litigation. If Hearst is there successful, the contract will, of course, be nullified and all actions at an end except for the restoration of the parties to their original position. If, however, Hearst is not successful, then it will be

necessary to try the Jefferson county action. The issues in each case are separate and two trials will involve no duplication. The same questions will be involved in case of consolidation. There will be no simplification. It is hardly probable that the plaintiff, assuming, of course, that the various allegations of its complaint are put at issue, will wish to prove its case before the validity of the contract is established by the rejection of Hearst's attack upon it. It is apparent from the papers that the main subject of the litigation relates to the transactions with the defendant Hearst's agent. That is a separate issue in nowise intertwined with any possible issue in respect to material affirmative allegations of the complaint in the Jefferson county action, and the questions relating to that transaction which go to the very life of the agreement may properly be first determined. A consolidation of these actions, therefore, amounts practically to a change of the place of trial from New York county to Jefferson county of the fundamental subject of controversy between the parties, and yet it has already been held in the New York county action that New York county is the proper county for the trial of the New York county action, and no claim is made that the convenience of witnesses or the ends of justice require a change of venue from New York county.

Hearst has proceeded with diligence to get the issues involved in the New York county action to trial, and it is apparent that except for the various motions and stays, this action could have been tried in April or May, 1922. Whether the proceeding before the Special Term on the 6th day of April, 1922, was or was not the actual beginning of a trial, it was at least so closely connected with bringing the action to trial that the proceedings should not be interfered with and the New York Special Term deprived of jurisdiction by a motion made almost nine months later, the trial having been stayed in the meantime by an order irregularly granted.

That the summons was served upon the defendant Hearst in the Jefferson county action one day before the summons was served upon the Dexter Sulphite Pulp and Paper Company in the New York county action is of little or no importance. The summons in the Jefferson county action was not accompanied by a complaint. The complaint finally served in April was met by a demurrer, which was concededly good, for the plaintiff elected to bring in an additional defendant and served an amended complaint. The amended complaint was not verified until the 2d day of June, 1921, months later than the service of the answer by the Dexter Sulphite Pulp and Paper Company in the New York county action. Under such circumstances, the principle of the cases holding that

a defense of prior action pending cannot be founded on a case where a summons only had been served, may well be applied. (*Curry* v. *Wiborn,* 12 App. Div. 1; *Hirsh* v. *Manhattan R. Co.,* 84 id. 374; *Stevenson* v. *Diamond Fuel Co., Inc.,* 198 id. 345.)

Hearst, the plaintiff in the New York county action, should be given every opportunity to try his action speedily. He has now already been delayed nearly a year. Under the circumstances, we find the order of consolidation passes beyond the limit of proper judicial discretion.

The order appealed from should, therefore, be reversed, with ten dollars costs, and the motion to consolidate denied, with ten dollars costs.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion to consolidate denied, with ten dollars costs.