I vote for affirmance of the judgment of conviction

CROUCH, J., concurs.

Judgment of conviction reversed upon questions of law and fact and new trial granted.

---

PATRICK J. SHERLOCK, Appellant, *v.* ERNEST M. MANWAREN, Defendant, Impleaded with EDWIN A. BOWERMAN and Others, Respondents.

Fourth Department, March 12, 1924.

Pleadings — joinder of actions — actions against several physicians for malpractice based on negligent setting and three subsequent resettings of plaintiff's shoulder by defendants acting separately — joinder of four separate actions against several defendants not improper, as matter of law, under Civil Practice Act, §§ 211, 212 and 258 — Civil Practice Act gives courts wide discretion in administration of litigated business.

It is not improper, as a matter of law, under sections 211, 212 and 258 of the Civil Practice Act, to join in one action four separate causes of action against several physicians to recover damages for malpractice, where it appears that the action is based on the negligent setting of plaintiff's shoulder by one physician and the negligent resetting on three different occasions by other physicians, all of whom are parties defendant, since the causes of action are, upon the face of the complaint, consistent, and do not require different places of trial, and arise out of the same transaction or transactions connected with the same subject of action.

The Civil Practice Act has committed to the court a wide discretion in the administration of litigated business as applied to the joinder of actions and the joinder of parties, and if the orders appealed from in this case granting defendants' motion to compel the service of a separate amended complaint against each defendant, and providing that the action should proceed as a separate action with a separate trial as to each defendant, had been made in the exercise of a sound administrative discretion, they would be sustained, even though the Appellate Division might differ as to the necessity or desirability thereof.

APPEAL by the plaintiff, Patrick J. Sherlock, from two orders of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 26th day of

July, 1923, requiring him to serve a separate amended complaint against each defendant, and providing that the action shall proceed as a separate action, with a separate trial as to each defendant.

*Klein & James* [*Frank A. James* of counsel], for the appellant.

*Whiteside & Stryker* [*Robert Oliver* of counsel], for the respondents Bowerman and Whitwell.

*Franklin R. Brown,* for the respondent Mansperger.

CROUCH, J.:

The defendants are physicians. The action is to recover damages for negligence in their treatment of the plaintiff. The complaint alleges in substance that on April 13, 1921, the plaintiff injured his shoulder by a fall, and was tended on that day by defendant Manwaren, who negligently set the shoulder; that subsequently defendant Bowerman undertook to reset the same, but did so negligently, permitting the shoulder to remain out of place for more than five weeks; that on May 24, 1921, defendant Bowerman negligently pulled the shoulder and arm apart, and permitted the same to remain in that way until the 26th of May, 1921, when the defendants Mansperger and Bowerman attempted to reset the same, but did so in a negligent manner, whereby the shoulder and arm became inflamed and diseased, and so continued until the 5th day of December, 1921, when the defendant Whitwell undertook to reset and treat it; that said defendant Whitwell was negligent in so doing, and that as a result of the negligence, carelessness and unskillfulness of each of the defendants, the plaintiff has permanently lost the use of his arm and shoulder.

The defendants Bowerman and Whitwell moved together to require plaintiff to serve separate amended complaints against each of the defendants, on the ground that the several alleged causes of action had been improperly united. The defendant Mansperger moved separately for an order requiring plaintiff to serve an amended complaint as to him, with a separate trial, and that plaintiff be required to separately state and number the causes of action.

The orders of the Special Term on said motions required plaintiff to serve separate amended complaints against each of the defendants, and that, upon issue being joined, the action proceed as a separate action against each defendant, with a separate trial in each action.

There is nothing in the complaint to indicate that the defendants or any of them were joint tort reasors, except possibly the allegations relating to what was done by the defendants Mansperger

and Bowerman on the 26th day of May, 1921. It is reasonably clear that a separate cause of action against each defendant is stated. (*Moore* v. *Lee*, 109 Tex. 391; *Mullins* v. *Duvall*, 25 Ga. App. 690.) Even assuming that they arose out of the same transaction or transactions connected with the same subject of action, they could not have been united in the same complaint under section 484 of the. Code of Civil Procedure, as construed by the courts, because they did not affect all the parties to the action. (*Croaley* v. *Schwarzschild & Sulzberger Co.*, 141 App. Div. 473; *O'Connor* v. *Virginia Passenger & Power Co.*, 184 N. Y. 46, 51; *Van Tuyl* v. *Kress*, 172 App. Div. 563.) But that requirement no longer exists. (Civil Practice Act, § 258.) And by virtue of sections 211 and 212 of the Civil Practice Act all persons may now be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally or in the alternative; and judgment may be given against such one or more of the defendants as may be found liable, according to their respective liabilities. It is not necessary that each defendant should be interested as to all the relief prayed for or as to every cause of action.

If the causes of action here pleaded are, upon the face of the complaint, consistent, and do not require different places of trial, they may, subject to the administrative discretion of the court, be properly joined in one complaint, provided they may be said to arise " out of the same transaction, or transactions connected with the same subject of action." The meaning and application of that phrase, although it had been discussed in the books for many years, was still vague when the Civil Practice Act was adopted. (*New York & New Haven R. R. Co.* v. *Schuyler*, 17 N. Y. 592, 604; *Wiles* v. *Suydam*, 64 id. 173, 177.) The provision had its source in the rules of equity pleading and practice which had long prevailed prior to 1852, when it was added to the Code. What may have been said, and whatever applications may have been made of it in individual cases prior to the adoption of the Civil Practice Act, are now merely illustrative. It must now be construed in the light of the several related provisions of that act, which, taken together, constitute a complete and flexible system of joinder of parties and causes of action, the purpose of which is the prompt dispatch of litigated business and the limits of which should be only the convenience of trial without prejudice to substantial rights.

So construed, "the same transaction, or transactions connected with the same subject of action," means the same thing as " the same transaction or series of transactions " in which " any common

question of law or fact would arise," as those phrases are used in section 209 of the Civil Practice Act. How and why that comes about cannot be more clearly and accurately stated than it has been by Mr. Justice BIJUR in *137 East 66th Street, Inc.,* v. *Lawrence* (118 Misc. Rep. 486). (And see also *S. L. & Co., Inc.,* v. *Bock,* Id. 756.)

The facts stated in the complaint here are so related that in the event of separate trials, they would necessarily have to be proved on each trial. What each defendant did or omitted to do is essential to the proof of the liability of each, and of the extent of such liability. That is a common question of fact in all four causes of action. The substantive law applicable to each cause is the same. We think, therefore, that as mere matter of law, the parties and causes of action were properly joined in one action and one complaint.

The complaint, however, did not comply with the provisions of rule 90 of the Rules of Civil Practice, in that the separate causes of action were not separately stated and numbered. It was open to motion on that ground. (*Peacock* v. *Tata Sons, Ltd.,* 206 App. Div. 145; *Fleitmann & Co., Inc.,* v. *Colonial Finance Corp.,* 203 id. 827; *Smith* v. *Earle,* 202 id. 305.) If the orders appealed from were made in the exercise of a sound administrative discretion, they should be sustained, even though an appellate court might differ as to the necessity or desirability thereof. Whether originally so intended or not, it became a characteristic feature of the system of Code practice to leave but a limited discretion with the judges. A prominent author has stated that where the English system put on them the least possible restraint, the Code system made imperative a compliance with rigid rules, and left them to exercise no more discretion than was absolutely necessary. (Hepburn Development of Code Pleading, etc., 2 Select Essays in Anglo-American Legal History, 687.)

While the Civil Practice Act has not gone so far as the English rules, it is apparent that the Legislature, by the provisions of sections 96, 192, 193, 209, 210, 211, 212 and 213, in connection with the revision and re-enactment of many other sections, has committed to the courts a wide discretion in the administration of litigated business. The various sections relating to joinder of parties and causes are permissive merely. The right to join and the right to consolidated trial are subject to the exercise by the court, in the interest of justice, of its discretionary powers. But the policy which dictated the greater liberality demands that the court shall not, by the use of those powers, prevent what the law permits unless it is clear that some substantial right is in

jeopardy; and the burden of showing that rests upon the party objecting. For instance, see *Dexter Sulphite Pulp & Paper Co.* v. *Hearst, No. 1* (206 App. Div. 101); *Fisher* v. *Bullock* (204 id. 523); *Schechtman* v. *Salaway* (Id. 549); *Bossak* v. *National Surety Co.* (205 id. 707); *Brokaw* v. *Lage* (203 id. 155).

We have nothing to guide us as to the basis of the decision below, except the grounds stated in the notices of motion and the language of the orders themselves. That the action was split into four separate actions with separate pleadings indicates that the court below was of opinion that the joinder was improper as matter of law. That, we think, was wrong.

All concur.

Orders reversed, with ten dollars costs and disbursements, and matter remitted to the Special Term, where parties may proceed as they may be advised.