STEIN, HALL & COMPANY, Plaintiff, Appellant, *v.* A. M. ALISON & CO., INC., Defendant, Respondent, and JOHN S. MUNRO, Defendant.

Supreme Court, Appellate Term, First Department, June 19, 1924.

Pleadings — joinder of actions — complaint, predicated on breach of warranty of agency, asked judgment in alternative against principal or agent — Civil Practice Act, §§ 209, 211–213, applied.

A complaint, predicated on a breach of warranty of agency which asks for judgment in the alternative against the principal or agent, is proper under sections 209, 211–213 of the Civil Practice Act and is in keeping with the application of liberal rules in pleading, where it appears that the plaintiff was unable to determine before trial whether the agent selling the goods upon which the action arose was authorized by the seller to contract for sales.

APPEAL by plaintiff from an order of the City Court of the city of New York granting a motion dismissing the complaint as against defendant A. M. Alison & Co., Inc.

*Guggenheimer, Strasser & Meyer (Chas. H. Meyer* and *Sanford D. Levy,* of counsel), for the appellant.

*S. A. Lowenstein,* for the respondent.

*Per Curiam.* The complaint alleges in substance that on a date named defendant Munro, purporting to act on behalf of the Alison Company, entered into a contract with plaintiff in which Alison Company, purporting to act as the authorized agent of Blackwood & Co., agreed to sell certain goods to plaintiff; that the Alison Company was not the agent of Blackwood & Co.; that the Alison Company notified plaintiff that Munro was not authorized to make said contract on its behalf; that Munro maintained the contrary; that by reason of the failure to deliver the goods plaintiff has lost $1,300, difference between the contract and market price; that plaintiff does not know whether Munro was authorized by the Alison Company or not and asks for a judgment in the alternative against the Alison Company or Munro. The cause of action is expressly predicated on breach of warranty of agency.

If Munro was authorized by the Alison Company to contract there is but one breach of warranty, namely, that by the Alison Company of its right to contract on behalf of Blackwood & Co. If Munro was not so authorized there is perhaps a double breach of warranty by Munro as an individual, namely, of his authority to contract for the Alison Company and of the Alison Company's authority to contract for Blackwood & Co. This appears to be a typical case for the application of the liberal rules of pleading and recovery against defendant in the alternative provided by the Civil Practice Act (§§ 209, 211–213) as more fully explained in *137 East 66th Street, Inc.,* v. *Lawrence,* 118 Misc. Rep. 486; approved in *Sherlock* v. *Manwaren,* 208 App. Div. 538.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

All concur; present, BIJUR, MULLAN and LEVY, JJ.

Order reversed and motion denied.