JOHN J. BOYCE, Plaintiff, v. NICK MARIANO and Another,
Defendants.

JOHN J. BOYCE, Plaintiff, v. FRED WASHBURN, Defendant.

Supreme Court, Saratoga County, July 23, 1928.

**Pleadings — consolidation of actions — plaintiff, passenger in automobile,
was injured in collision involving three automobiles — action against
owners of two automobiles consolidated with action against owner of
automobile in which plaintiff was passenger (Civ. Prac. Act, § 96).**

The plaintiff suffered injuries in a collision in which three automobiles were
involved. At the time, the plaintiff was a passenger in one of the automobiles.
He instituted an action against the owners of the other automobiles, and some
time later commenced an action against the owner of the automobile in which
he was a passenger. His motion, made under section 96 of the Civil Practice
Act, to consolidate the two causes of action, is granted.

The mere fact that he did not commence the second action until long after the
first was at issue, or that at one time he indicated that he thought he did not
have a cause of action against the owner of the automobile in which he was
riding, is not a good reason for refusing to consolidate.

Consolidation is directed since the witnesses in both actions will be the same and
since the jury may in one action fix the responsibility for the accident.

MOTION to consolidate two causes of action.

*Theodore A. Knapp*, for the plaintiff.

*Russell G. Hunt* [*Lawrence B. McKelvey* of counsel], for the
defendant Nick Mariano.

*Hogan & Slingerland* [*Harold B. Slingerland* of counsel], for the
defendant August D. Carlo.

GOLDSMITH, J. This is a motion to consolidate two actions.
The plaintiff claims that he sustained personal injuries as the
result of a collision between an automobile operated by Fred
Washburn, in which plaintiff was a passenger, and two automobiles
operated respectively by Nick Mariano and August D. Carlo on
the 11th day of September, 1927.

In October, 1927, the plaintiff commenced an action to recover
for said alleged personal injuries against Nick Mariano and August
D. Carlo. On December 29, 1927, the attorneys for Carlo wrote
to the plaintiff's attorney " in this action I shall move to have
Washburn joined as party defendant unless you care to serve
supplementary complaint." At that time plaintiff did not follow
this suggestion nor did Carlo move to bring in Washburn as a
party defendant. Issue was joined by both defendants and the
action was noticed for the January term of the Supreme Court
and upon the call of the calendar all parties announced that they

were ready for trial. Upon the request of plaintiff's attorney, however, the case was withheld from the day calendar and finally went over the term. The action was again noticed for trial for the May term of the Supreme Court and all parties announced that they were ready for trial. During this term plaintiff's attorney stated that an action had been brought by the plaintiff against Fred Washburn arising out of the same accident and was then or shortly would be at issue and requested that both actions be consolidated. The defendants in the first action objected to such joinder and the case went over the term pending an application to be made by the plaintiff to consolidate the two actions.

Upon this application to so consolidate, the defendants Mariano and Carlo assert that they will be prejudiced if they are compelled to become codefendants with Washburn. I do not see the force of this argument. Substantially the same proof is essential to sustain either cause of action. All three automobiles were involved in the collision. With all the proof before the jury it can fix the responsibility, if there is any. The purpose of section 96 of the Civil Practice Act is to facilitate and expedite the trial of lawsuits. In application of this section the court is given a wide latitude of discretion but such discretion should not be exercised to defeat the purposes of the statute unless the consolidation of the actions will result in prejudice to the parties. (*Sherlock* v. *Manwaren,* 208 App. Div. 538.)

The mere fact that plaintiff did not commence the second action until long after the first action was at issue or that the plaintiff indicated at one time that he might not have a cause of action against Washburn is no good reason for refusing to consolidate the two actions at this time, the second action now being at issue. If the blame for the accident rests solely upon Washburn, as the other defendants contend, and they in no way participated in any negligent act, it is unlikely that a jury will attach the fault to them simply because they are joined with Washburn. I feel sure that the court, through proper instructions to the jury, can fully protect the rights of the defendants Mariano and Carlo. No good reason has been presented for requiring two trials to adjudicate such liability as may be deemed to have arisen from this accident. The same parties will be required as witnesses in both actions and, whether they are codefendants in the action being tried or whether they are defendants in a pending action awaiting trial and arising out of the same transaction, cannot, to my mind, produce any different impression upon the jury. The application to consolidate is approved.

Motion granted.