SCHENECTADY HOLDING COMPANY, INC., Appellant, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY and Another, Respondents.

Third Department, March 29, 1929.

*Leary & Fullerton* [*Walter A. Fullerton* and *Edward W. Barrett* of counsel], for the appellant.

*Whalen, Murphy, McNamee & Creble,* for the respondent The New York Central Railroad Company.

*Joseph Rosch,* for the respondent The Delaware and Hudson Company.

PER CURIAM. In the complaint judgment is demanded for a permanent injunction restraining defendants from continuing the acts of nuisance and trespass therein charged; also for damages against the defendants in the sum of $200,000.

The only charge of nuisance and trespass against the defendant The New York Central Railroad Company is set out in paragraph 8 of the complaint; the only charge against the defendant The Delaware and Hudson Company is set forth in paragraph 9. The other allegations of the complaint apply alike to both defendants. Thus the complaint as drawn states separately the acts of nuisance

and trespass complained of as against each defendant (Rules Civ. Prac. rule 90), and in this respect amended complaints would not change these specifications. Against each defendant is charged disturbing noises arising from the operation of trains and engines and the distributing of smoke and soot from engines upon and in plaintiff's premises. The only varying allegation is one against the Delaware and Hudson that its acts created a distinct vibration of the hotel building. As said in *Warren* v. *Parkhurst* (186 N. Y. 45, 51): "The injury is the joint effect of acts, originally several, but combined before the debris is precipitated upon the lands below and the injury is effected, and in contemplation of equity it constitutes a single cause of action." It will be impossible in the trial of the action to prove the origin of each of the several acts which when combined have created the nuisance. But under the allegations of the complaint as it stands there could be no more confusion in proving the acts of one defendant as distinguished from those of the other than there would be if an amended complaint be served. In *Warren* v. *Parkhurst* (*supra*, 49) the court quotes from *Lockwood Co.* v. *Lawrence* (77 Maine, 297), in which case the nuisance arose from the deposit in the river of the waste from saw mills operated by the several owners thereof acting independently of one another, and said: "The acts of the respondents may be independent and several, but the result of these several acts combine to produce whatever damage or injury these complainants suffer, and in equity constitutes but one cause of action." In this case the allegations are that the acts of the two defendants taken together create the nuisance and cause the damage of which plaintiff complains. The two may be joined as defendants and judgment may be given against one or both as the evidence may show their respective liabilities to be. It is not necessary that each defendant be interested as to all the relief asked. (Civ. Prac. Act, §§ 211, 212; *Sherlock* v. *Manwaren*, 208 App. Div. 538, 540.)

We conclude that there is but one action in equity stated in the complaint. The order should be reversed, with ten dollars costs and disbursements; and the motion denied, with ten dollars costs.

VAN KIRK, P. J., DAVIS, WHITMYER, HILL and HASBROUCK, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.