NETTIE MELKER, Appellant, v. ALBERT GUARINO and Another, Copartners, Doing Business under the Firm Name and Style of GUARINO BROTHERS, Respondents.

Supreme Court, Appellate Term, Second Department, January 13, 1930.

*Meyer Halperin*, for the appellant.

*Joseph W. Genzardi*, for the respondents.

MacCrate, J. This is an appeal by permission from an order which consolidated this action pending in the Municipal Court, Borough of Brooklyn, Fourth District, with an action previously brought in the First District, in the Borough of The Bronx. This last-mentioned action was brought by the defendants herein to recover for goods sold and delivered. Thereafter the plaintiff here, who was defendant in the other action, instituted this action, claiming a breach of contract arising out of the same transaction. The order consolidating the actions designated the place of trial as the First District, Borough of The Bronx, where the first action was commenced.

On this appeal it is not disputed that the latter action was properly instituted in that district. It is contended, however, that there is no power in the Municipal Court to consolidate actions pending in different districts, and the case of *Levey Co. v. Fox* (121 Misc. 113) is cited. The Appellate Term in the First Department, in that case, held that because of the provisions of section 17 of the Municipal Court Code, fixing the place where an action in the Municipal Court must be brought, and providing for the method of transferring cases in the Municipal Court, the provisions of sections 96 and 97 of the Civil Practice Act were not applicable to the Municipal Court, notwithstanding section 15 of the Municipal Court Code, which makes applicable the practice in the Supreme Court, unless provision is otherwise made in the Municipal Court Code or Rules.

In its opinion the Appellate Term of the First Department did not specifically consider the effect of section 1572 of the Civil Practice Act, which provides that where there is a substantial re-enactment of a former provision of the Code of Civil Procedure in the Civil Practice Act and the former provision was expressly made applicable to specified courts, the provis ons of the Civil Practice Act shall be applicable to such courts to the same extent. Section 817 of the Code of Civil Procedure did not limit to the Supreme Court the power to consolidate actions. That section read as follows: " Where two or more actions, in favor of the same plaintiff against the same defendant, for causes of action which may

be joined, are pending in the same court, the court may, in its discretion, by order, consolidate any or all of them, into one action."

Subdivision 6 of section 3347 of the Code of Civil Procedure made applicable to all courts of record the provisions of section 817. The Municipal Court is a court of record. We are of the opinion that section 17 of the Municipal Court Code does not prohibit the consolidation of actions brought in different districts. That section deals with the proper place to bring an action and the transfer of an action improperly brought. It does not regulate the procedure where two actions by the same parties, arising out of the same subject-matter, are brought in the proper districts, or one of such actions is brought in the proper district. It would seem, therefore, that section 17 of the Municipal Court Code neither directly nor impliedly denies the power to consolidate such actions.

Unnecessary delay and expense of litigation are matters that concern not only the litigants but the courts. Claiming inherent power to do so, courts, in the absence of statute, have consolidated actions. (*Mutual Life Ins. Co.* v. *Hillmon,* 145 U. S. 285; *Curry* v. *Earll,* 209 App. Div. 205.) We see nothing destructive of the underlying principle that an action must be brought in the proper district in holding that actions instituted in the proper districts may be consolidated and thereafter tried in one of such districts.

Order affirmed, with ten dollars costs.

CROPSEY and LEWIS, JJ., concur.