TOMPKINS C. COONS, Respondent, *v.* MINNIE FLORENTINE, Appellant, Impleaded with YUGOSLAVIAN-AMERICAN MINING CORPORATION and Others, Defendants.

Third Department, May 23, 1930.

*Becker & Leibowitz* [*Benjamin Leibowitz* of counsel], for the appellant.

*Herzberg & Garrison* [*R. Monell Herzberg* of counsel], for the respondent.

PER CURIAM. The series of events by which it is claimed the plaintiff lost an investment of money are set forth in the complaint in narrative form in violation of the rule that the material facts upon which plaintiff relies should be stated in a plain and concise manner, but without stating the evidence. (Civ. Prac. Act, § 241.) The relief demanded is partly legal and partly equitable.

If, as the plaintiff argues, it was a continuous swindling transaction in which at successive periods different persons played a part, then there is no allegation that all these different parties were acting in concert or that there was an agreement between them amounting to a conspiracy to defraud the plaintiff. The common allegations of fraud and deceit are lacking. The allegation of fraud on the part of the defendant Minnie Florentine, who moves to dismiss the complaint as to her, is scarcely sufficient even when standing alone. Taken in connection with subsequent events there is no allegation that any fraud on her part is responsible for any damage the plaintiff may eventually suffer. Many new and apparently independent transactions in which she had no part have intervened. As the complaint stands the only clear statement of a cause of action is for loss the plaintiff will suffer as a minority

stockholder in a corporation for fraud and mismanagement of the officers.

It is possible that the plaintiff seeks to obtain different relief in one action from different defendants who took part in the transactions whom he has joined as parties and who may be liable jointly, severally or in the alternative. (Civ. Prac. Act, §§ 211, 212.) If so the allegations of the complaint are insufficient to show a consistent relationship between the parties to transactions connected with the same subject of action. (*Sherlock* v. *Manwaren*, 208 App. Div. 538.) Or perhaps he is in doubt as to which party is liable. (Civ. Prac. Act, § 213.) It is impossible to determine by reading the complaint just what the plaintiff's theory of the action is. This obscurity would indicate the necessity of redrafting the complaint so that the issues may be clearly presented for trial. As to this defendant no facts are stated sufficient to constitute a cause of action.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to plaintiff to amend within twenty days on payment of costs.

VAN KIRK, P. J., HINMAN, DAVIS, HILL and HASBROUCK, JJ., concur.

Order reversed on the law, with ten dollars costs and disburse-ments, and motion granted, with ten dollars costs, with leave to plaintiff to plead over within twenty days on payment of the costs.