WILLIAM KROHE, Plaintiff, v. JOSEPH GOLDMAN, Defendant.

Municipal Court of New York, Borough of Bronx, First District, May 28, 1938.

*Albert Bros.* [*Irving L. Albert* of counsel], for Joseph Goldman, defendant in First District action and plaintiff in Second District action, for the motion.

*David O. Kuh,* for William Krohe, plaintiff in First District action, opposed.

*Daniel Mungall,* for William Krohe, defendant in Second District action.

LEVY, J. Two automobiles collided and each was damaged as a result of that accident. Krohe owned one automobile, and Goldman the other. Two actions, to recover for the resulting property damage, were instituted in the Municipal Court of the City of New York — Goldman first sued Krohe in the Second District, Bronx, and Krohe then sued Goldman in the First District, Bronx. A general denial was pleaded by each defendant in each action. Both are non-jury cases. Goldman now moves in the First District to remove Krohe's action against him to the Second District and to consolidate the two actions.

" In accordance with the policy of the Civil Practice Act to avoid a multiplicity of suits, as recognized by the more liberal provisions regarding the joinder of parties and the joinder of causes of action, the Civil Practice Act also contains a new and broad provision authorizing the court, in its discretion, to order the consolidation of actions begun separately, where such joinder may be had without prejudice to a substantial right." (3 Carmody's New York Practice, p. 1619, § 845.) This provision is section 96 of the Civil Practice Act. Its purpose is " to liberalize the practice as much as possible " (*Marinaro* v. *Pecoraro*, 206 App. Div. 622), " to eliminate technicalities, multiplicities of actions and delays and to protect substantial rights." (*Datz* v. *Economy Cotton Goods Stores, Inc.*, 263 N. Y. 252, 254.)

" While the Civil Practice Act has not gone so far as the English rules, it is apparent that the Legislature, by the provisions of sections 96, 192, 193, 209, 210, 211, 212 and 213 [of the Civil Practice Act], in connection with the revision and re-enactment of many other sections, has committed to the courts a wide discretion in the administration of litigated business." (*Sherlock* v. *Manwaren*, 208 App. Div. 538, 541.)

Under the Code of Civil Procedure it was necessary that the actions to be consolidated should be by the same plaintiff against the same defendant. (*Miller* v. *Baillard*, 124 App. Div. 555.) Such limitation has been abolished under the Civil Practice Act. It is now possible to consolidate two actions where the plaintiff in one action is the defendant in the other, and the defendant in the former action is the plaintiff in the latter. (*Goldey* v. *Bierman*, 201 App. Div. 527, 529.) " Reading the Civil Practice Act provision for consolidation in conjunction with the statutes governing the joinder of parties and the joinder of causes of action, the Legislature in enacting such provision, seems to have intended that controversies growing out of the same transaction or transactions connected with the same subject-matter, should be tried and disposed of at the same time, whenever it can be done without invading

a litigant's substantial right, thereby expediting the work of the court as well as expediting justice." (3 Carmody's New York Practice, p. 1620, § 846.)

In the Supreme Court, therefore, there would be no doubt that the actions would be consolidated. And section 15 of the Municipal Court Code states that, except as otherwise provided in that Code or in the rules of the Municipal Court, the practice and procedure in the Municipal Court shall conform, as nearly as may be, to the practice and procedure in the Supreme Court. It would thus seem obvious that the motion should be granted.

But it is opposed, and *Levey Co.* v. *Fox* (121 Misc. 113) is cited as an express holding by the Appellate Term in this, the First, Department, that I am without power to direct the consolidation requested. It was there held that because of the provisions of section 17 of the Municipal Court Code, fixing the place where an action in the Municipal Court must be brought, and providing for the method of transferring cases in the Municipal Court, the provisions of sections 96 and 97 of the Civil Practice Act were not applicable to the Municipal Court, notwithstanding the conformity statute. (Mun. Ct. Code, § 15.)

On the other hand, the proponent of the motion relies upon a decision of the Appellate Term in the Second Department to the contrary in the later case of *Melker* v. *Guarino* (135 Misc. 548). There it was held that section 17 of the Municipal Court Code deals with the proper place to bring an action and the transfer of an action improperly brought; that it does not regulate the procedure where two actions by the same parties, arising out of the same subject-matter, are brought in the proper districts; and that it does not prohibit the consolidation of actions instituted in the proper districts.

I shall not discuss the respective merits of the two cases. Suffice it to say that " It would seem that the ruling in the Second Department is the sounder of the two, since it is based upon the theory of avoiding a multiplicity of actions." (Weber's Supplement to Lauer's Municipal Court Practice, p. 50. See, also, 11 Carmody's New York Practice, p. 850, § 1005.)

Were I permitted to express my own view, I should hold that, in the exercise of a sound discretion, a court of record has inherent power, independent of statute, to consolidate actions pending in that court. (*Mutual Life Ins. Co.* v. *Hillman*, 145 U. S. 285; *Curry* v. *Earll*, 209 App. Div. 205.) Unnecessary delay and expense of litigation are matters that concern not only the immediate litigants, but other suitors; not only the courts but the taxpayers as well. However, the principle of *stare decisis* requires a Bronx

Municipal Court to follow the view of the Appellate Term in the First Department. And follow it I shall unless I can reasonably distinguish the decision in *Levey Co.* v. *Fox* from the present case.

The order reversed in the *Levey Co.* case was made by one District Court transferring to itself, and consolidating with the action there pending, an action instituted in another District Court. The Appellate Term held that " A justice presiding in one district has, therefore, no power whatever to make by consolidation of actions a transfer of a case pending in another district to the district in which he is presiding " (121 Misc. 114). I do not think that this is tantamount to holding that the District Court in which an action is pending has no power to send that action to another district to be tried, if the disposition of litigated business may thus be facilitated. In other words, I may perhaps not take unto myself an action pending elsewhere; but I should have the power, in a proper case, to be exercised with due discretion, to give up jurisdiction to another District Court.

In *Levey Co.* v. *Fox* the transfer which was forbidden was from a district in one borough to a district in another borough. In Lauer's Municipal Court Practice ([2d ed.], p. 208), citing this case, it is said that one action may not " be transferred so as to be consolidated with another Municipal Court action pending in another borough, since by Mun. Ct. Code, § 17, subd. 5, the transfer of cases from one district to another is limited to districts within the same borough." The present case involves a transfer to a district within the same borough.

Section 17 of the Municipal Court Code speaks of " venue." In 1923, when *Levey Co.* v. *Fox* was decided, it was provided in that section that an action such as this " must be brought *in a district* in which either the plaintiff or defendant " resides. By chapter 116 of the Laws of 1930, section 17 was amended so as to read that the action " must be brought in a district *within the borough* " of the residence of either party. That statutory change, made subsequent to the decision of *Levey Co.* v. *Fox*, is clear basis for valid distinction.

The Municipal Court of the City of New York is more and more becoming in fact, as well as in theory, a single court. The old District Court lines are all but being obliterated by the development of metropolitan transportation and the advantages of centralization in the expeditious disposition of judicial business. In recent years, central jury and central non-jury parts have been established, central motion and *ex parte* parts have been created. A justice elected or appointed in the First District, Bronx, now presides only seven weeks out of fifty-two in his own District Court;

during the remaining period of the judicial year his attendance is required in the Second District, Bronx, or in the Bronx Central Jury Part. (See 1938 assignment of justices.) And after September 1, 1938, the president justice will have the power, in order to facilitate the transaction of the business of the court, to assign a justice to hold court in any district in any borough (Laws of 1938, chap. 280), not merely in the borough in which he was elected or appointed. (Mun. Ct. Code, § 7, subd. 3.)

Thus is made manifest the clear trend of the times. Recent statutory enactments have again and again emphasized the Legislature's mandate to the courts to expedite judicial business, to economize in procedural mechanics, and to remove techincal restrictions upon the administration of justice, by directing consolidation of pending actions where there is no prejudice to a substantial right. For example, the City Court of the City of New York is now empowered to remove to itself an action pending in the Municipal Court (Laws of 1930, chap. 146), and, since 1936 (Laws of 1936, chap. 324), even when the two actions do not arise out of the same transaction. (City Court Act, § 18-a.) A County Court is now authorized to remove to itself an action pending in the Justice's Court. (Laws of 1934, chap. 359; Civ. Prac. Act, § 97.) Special proceedings may now be consolidated. (Laws of 1935, chap. 626; Civ. Prac. Act, § 96.) Chapter 627 of the Laws of 1935 authorizes the court to order two or more actions or special proceedings growing out of the same set of facts to be tried together, without consolidation. (Civ. Prac. Act, § 96-a.)

And by a recent amendment to the Municipal Court Code itself (Laws of 1935, chap. 853), the Municipal Court was expressly given jurisdiction " to consolidate for trial actions arising out of the same cause of action." (Mun. Ct. Code, § 6, subd. 7.) In my opinion, this statute, not cited by counsel, adequately disposes of the matter. I think it makes little practical difference whether the cases are consolidated or merely tried together. (McAllister v. Drislane, 239 App. Div. 85, 87; White v. White, 246 id. 879.) Judgments will be separately entered and costs separately taxed in the event the consolidation is for trial only, and not as an organic joinder. In either case the time of the court and of the parties and of witnesses is conserved by an avoidance of two trials on different dates in different District Courts; expense is saved. (Morris v. Perlman, 145 Misc. 892; affd., 237 App. Div. 857.)

The only question remaining is, whether in the exercise of a sound discretion, a consolidation of either kind should be directed in the instant case, and if so, of which kind. The burden of showing that some substantial right is in jeopardy rests upon the party objecting

to the consolidation.  (*Crandell* v. *Leach & Co., Inc.,* 222 App. Div. 292, 293; *Sherlock* v. *Manwaren,* 208 id. 538, 542.)

The present application for consolidation is made by Goldman, the defendant in the First District action and the plaintiff in the Second District action.  The latter action was the first one instituted.  Krohe, as plaintiff, has one attorney in the First District, and another attorney representing him as a defendant in the Second District.  His Second District attorney was selected, not directly by Krohe, but by an insurance company who had issued a liability and indemnity policy to Krohe.  By direction of the court, notice of Goldman's application was given to both attorneys for Krohe. Consolidation is consented to by Krohe's insurance company attorney, but opposed by his personal attorney.

Prejudice to Krohe is sought to be shown by reason of the alleged fact that Krohe's attorney in the Second District was " not of his own choosing " and that the interests of counsel are divergent because, while Krohe's personal attorney will adduce evidence to show Goldman's negligence, Krohe's insurance attorney will strive merely to show that Krohe was not negligent, " possibly entirely disregarding his affirmative claim for damages."

In the first place, in obtaining an indemnity policy, Krohe agreed that the defense would be conducted by the carrier; and the carrier by such consent selects counsel for the assured.  Nor am I convinced that the attorney who appears for Krohe by virtue of his insurance contract will thus neglect Krohe's or the carrier's interest.  That attorney has undertaken a professional relationship to Krohe which I cannot assume will be ignored. . There is a fiduciary duty owing from an attorney to a client which is none the less required to be performed because the attorney is selected by the client's insurance carrier, and not specifically by the client.  It is to the interest of the carrier to show not only Krohe's absence from contributory negligence, but also Goldman's negligence.  And if this particular carrier desires to retain Krohe's future business, it will not only endeavor to defeat Goldman's claim, but will seek to establish Krohe's affirmative claim.  In short, self-interest, obligations to the assured and to the carrier, a due regard for proper professional standards, all lead to the conclusion that there is no justification for the fears expressed as to the dire prejudice resulting to Krohe from the consolidation requested.

In the public interest, looking to the prompt and economical administration of justice, the actions should be consolidated.  In the interest of the parties themselves there should be but one trial of both actions.  In the interest of substantial justice, the right of

Krohe's personal attorney in the First District action to collect his fees for professional services rendered therein should be protected. The motion for a consolidation of the actions is granted, without prejudice to the lien of Krohe's attorney in the First District action upon Krohe's affirmative claim, which shall be deemed a counterclaim in the consolidated Second District action.

The moving party should promptly settle an order on notice to the attorneys in both actions. Pursuant to the uniform procedure recently suggested by the president justice, the order should provide (in addition to the preservation of the attorney's lien): (1) That the motion for a consolidation is granted; (2) that the action of William Krohe, plaintiff, against Joseph Goldman, defendant, now pending in the Municipal Court of the City of New York, Borough of Bronx, First District, and bearing index number 1114, year 1938, is consolidated with the action of Joseph Goldman, plaintiff, against William Krohe, defendant, now pending in the Municipal Court of the City of New York, Borough of Bronx, Second District, and bearing index number 4927, year 1938; (3) that the clerk of the Municipal Court of the City of New York, Borough of Bronx, First District, deliver to the clerk of the Municipal Court of the City of New York, Borough of Bronx, Second District, the papers in the action of William Krohe, plaintiff, against Joseph Goldman, defendant, bearing index number 1114, year 1938; (4) that the title of the consolidated action shall be Joseph Goldman, plaintiff, against William Krohe, defendant; (5) that the index number of the consolidated action shall be index number 4927, year 1938; (6) that the calendar number of the consolidated action shall be 65,795, the calendar number of the Second District action; and (7) that the claim of the plaintiff William Krohe against the defendant Joseph Goldman heretofore pending in the Municipal Court of the City of New York, Borough of Bronx, First District, shall be a counterclaim in the consolidated action.

Proceed accordingly.