BUSH *et al.* v. ABRAHAMS *et al.*

*(City Court of New York, General Term.* September 29, 1888.)

ACTIONS—CONSOLIDATION—COURTS—JURISDICTIONAL AMOUNT.

Code Civil Proc. § 315, relating to the jurisdiction of the city court of New York, does not restrict jurisdiction as to the amount claimed, but section 316 declares that the sum for which judgment is rendered cannot exceed $2,000. Under section 817, allowing the consolidation of actions, *held*, that the court may order the consolidation of several actions, each of which is for less than $2,000, though the aggregate amount exceeds that sum, especially where defendants waive by stipulation any irregularity by reason thereof.

Appeal from special term.

A motion was made by the defendants to consolidate five actions pending in this court between the same parties, all upon promissory notes, the claims aggregating about $5,500. The sum sued for in each action is less than $2,000. The motion was denied upon the ground that the statute has fixed the limit of jurisdiction of this court and the parties may not enlarge it by consent. The defendants have consented in writing that they will not raise any objection if such consolidation is ordered to any judgment herein which the plaintiffs may recover, provided the sum exceeds the sum of $2,000, and will not take any advantage of that point. Defendants appeal.

Argued before NEHRBAS, MCGOWN, and PITSHKE, JJ

*Horwitz & Hershfield*, (*Wales F. Severance*, of counsel,) for appellants. *Louis Levy*, (*Samuel J. Crooks*, of counsel,) for respondents.

NEHRBAS, J., (*after stating the facts as above.*) Section 315 of the Code, relating to the jurisdiction of this court, is general in its provisions and does not limit this court in its jurisdiction of the subject-matter as to the amount claimed. Section 316, however, provides that: "In an action wherein the complaint demands judgment for a sum of money only, the sum for which judgment is rendered in favor of the plaintiff cannot exceed $2,000, exclusive of interest and costs as taxed." In the case of *Roof* v. *Meyer*, 8 Civ. Proc. R. 64, it was held by this court that a claim for more than $2,000 does not oust the court of its jurisdiction, and that a judgment entered for more than that amount, exclusive of interest and costs, is not thereby rendered absolutely void, but may be corrected as an irregularity, being void merely as to the excess. Section 817 of the Code provides: "Where two or more actions in favor of the same plaintiff, against the same defendant, for causes of action which may be joined, are pending in the same court, the court may, in its discretion, by order, consolidate any or all of them into one action." The plaintiffs contend that a consolidation of the five actions would be unjust to them, inasmuch as they would be compelled to relinquish $3,500 of their claims, that being the excess over the sum of $2,000 for which sum only they would then be entitled to enter judgment if successful upon the trial. If such would be the result of the consolidation, the order appealed from would undoubtedly be right and proper, and ought to be affirmed. The sole question, then, upon this appeal, is whether or not the plaintiffs would be prejudiced by the consolidation. In other words, whether, upon such consolidation, a judgment could properly be entered by plaintiffs for the aggregate of their claims in the five actions, notwithstanding the limitation contained in section 316 of the Code, *supra.*

What is the object of the consolidation? Obviously, to avoid the necessity of the trial of several actions when a determination may be reached in one, and to limit the plaintiff to one bill of costs thereafter. Much time and labor are thereby saved to the court and the litigants. It amounts practically to a change in the mode of trial, disposing of several cases on one trial. This is frequently resorted to when no order of consolidation has been made. Several actions are often, by stipulation, permitted to abide the result of one, and the disposition made of that one disposes of all the others, without a separate trial of each. A consolidation produces essentially the same result, without the intervention of a stipulation between the parties, but by an order of the court. What impropriety can there be, therefore, in directing the parties to do what they may accomplish by mutual consent? True, they may in that case enter but one judgment instead of several. But what practical difference does that make—whether a party have several judgments or whether his aggregate claims are combined in one? It seems to me that the various provisions of the Code should be so construed that effect may be given to all. Those which may seem to conflict should, if possible, be harmonized, so that the obvious intention of the legislature may not be thwarted and irreconcilable provisions in our methods of procedure may be avoided. Viewed in this light, I think sections 316 and 817 may stand together and effect may be given to both. In a single action a judgment cannot be given for more than $2,000; but, if several actions are combined for the convenience of trial and to avoid the multiplication of costs, why should not the aggregate of the claims be put into one judgment instead of several? Suppose A. brings 10 suits against B. on 10 notes for $2,000 each. He may lawfully enter 10 judgments, each for that amount. Was it the intention of the legislature that he should be precluded from consolidating the actions and entering one judgment for $20,000, with one bill of costs instead of ten? The court evidently had jurisdiction of each of the 10 suits for the full amount claimed, and, as was said by the court of appeals in *People* v. *Chapin*, 11 N. E. Rep. 510, it is a settled principle of law that where a judicial function is conferred or power given everything necessary to make it effectual or to attain the end is implied. Is it logical to say that the court lost its jurisdiction by the mere formal act of entering one judgment for $20,000, instead of ten judgments each for $2,000? It has been repeatedly held that when a court once has jurisdiction of the person and the subject matter it cannot be divested of its jurisdiction by any acts of the parties. The entry of judgment for more than $2,000 can at most be considered an irregularity. But, if it be so construed, then a limitation is placed upon section 817, so far as this court is concerned, not contemplated by the framers of the Code; for in that case the provision concerning consolidations might as well not exist, and the court might as well include section 817 among the sections of the Code inapplicable to this court, as enumerated in section 3160. In my opinion, several actions may be consolidated in this court, and a single judgment rendered for the aggregate amount of the several claims, provided the sum sued for in each action does not exceed $2,000. As before stated, the most that can be claimed is that a judgment entered after consolidation for more than $2,000 is an irregularity which may be cured by amendment or may be waived. The defendants have waived in writing any irregularity which may occur in the entry of a judgment for plaintiffs for more than $2,000 as a result of the consolidation. As it is not jurisdictional, the waiver may be considered to be valid. The consent, it is true, could not confer jurisdiction, if the court was without it in the first instance. But the court did acquire jurisdiction in the first instance, and the power to exercise it according to the prescribed practice is plenary and is not to be considered divested by the mere mode of its exercise. Substance should not be sacrificed to form, especially when the form is by stipulation assented to. It follows that the court at special term had the power to order the consolidation asked for, and

the order appealed from is therefore reversed, with $10 costs and disbursements. As the court below has not exercised its discretion on the motion, it will be remanded to the special term for such action as the special term justice may deem proper.

PITSHKE, J., concurs.

McGOWN, (*concurring.*) Justice EHRLICH in his decision herein says: "The statute has fixed the limit of jurisdiction of this court, and the parties may not enlarge it by consent," etc., thus evidently basing his decision upon the want of power in the court. The court having acquired jurisdiction in the five actions referred to brought by the plaintiffs against the defendants, I think ample power was conferred upon it by section 817 of the Code of Civil Procedure,—which is expressly made applicable to all courts of record by subdivision 6 of section 3347,—to consolidate the five actions. But, inasmuch as by section 817 it is provided that where two or more actions in favor of the plaintiff against the same defendant are pending in the same court the court may in its discretion by order consolidate any or all of them; and inasmuch as the court has not exercised the discretion conferred upon it by the section last cited, I concur with Justice NEHRBAS in his opinion herein, and think that the order appealed from should be reversed, with $10 costs and disbursements, and that the matter should be remanded to the special term for such action as the special term justice may in the exercise of his discretion think proper.