BUSH *et al. v.* ABRAHAMS *et al.*

(*Common Pleas of New York City and County, General Term.* April 1, 1889.)

1. APPEAL—PRACTICE—MOTION FOR REARGUMENT.
    An order of the city court, special term, denying, for want of jurisdiction, a motion to consolidate five actions, the amount in controversy aggregating over $2,000, was reversed on appeal to the general term, and the motion remitted to be heard on its merits, and for the exercise of the discretion of the special term. On appeal from that order to the common pleas, general term, the appeal was dismissed on the ground that the order was not appealable. This point was raised in the printed brief of appellee, and the decision was made after a full hearing. It was also argued on a motion to resettle the order dismissing the appeal. *Held,* that the appellant's motion for reargument on the ground of surprise must be denied.

2. SAME—LEAVE TO APPEAL TO COURT OF APPEALS.
    As the order of the city court, general term, did not affect any substantial right, or determine the action, the motion for leave to appeal to the court of appeals must also be denied.

On motion for reargument or ·for leave to appeal to the court of appeals. No opinion on former hearing.

Argued before LARREMORE, C. J., and VAN HOESEN and DALY, JJ.

*Louis Levy,* for appellant.   *Horwitz & Hershfield,* for respondents.

DALY, J. The special term of the city court held that it had no power to consolidate five certain actions in that court, when the result would be to make a demand in the aggregate exceeding $2,000. The general term of the city court reversed the order entered upon that decision, (2 N. Y. Supp. 391,) and remitted the motion for consolidation to the special term, to be heard upon the merits, and for the exercise of its discretion. From this order the plaintiff appealed to this court, and his appeal was dismissed upon the ground that the order was not appealable. He moves now for a reargument, or for leave to appeal to the court of appeals. He does not show that any point raised by him has been overlooked. He claims, however, to have been surprised by the decision that the order was not appealable to this court. He had ample opportunity to discuss that point. It was raised in the printed brief of his adversary on the appeal, and the decision was made by the court on the argument after full hearing. If he desired time to submit a brief upon the point he should have made his application at the time. This he did not do, but subsequently, on another day, he applied to the general term for a resettlement of its order dismissing the appeal, and then argued in favor of the appealability of the order, but the court adhered to its decision. Under the case of *Curley* v. *Tomlinson,* 5 Daly, 283, he is not entitled to a reargument. There is nothing to send to the court of appeals. The decision of our general term was undoubtedly correct as to the appealability of the order. It was not a final order. It did not involve any of the merits, nor affect a substantial right, nor determine the action. Section 3191, subd. 3, Code. It did not affect the plaintiff in any way, for it did not grant nor refuse consolidation. It left the decision to the special term, which might or might not grant the application. Until it was granted, plaintiff was not aggrieved. Motion denied, with $10 costs. All concur.