(35 Misc. Rep. 131.)

### CURLEY v. F. & M. SCHAEFER BREWING CO.

(City Court of New York, General Term. May, 1901.)

CONSOLIDATION OF CAUSES—POWER OF COURT.

    The city court of New York has power to remove from the municipal court and consolidate with an action pending in the city court an action in such municipal court between the same parties, where the causes of action arise out of the same transaction, and are provable by the same evidence.

Appeal from special term.

Action by Patrick Curley against the F. & M. Schaefer Brewing Company. From an order denying a motion by defendant to remove to said court an action commenced in the municipal court and to consolidate it, defendant appeals. Reversed.

Argued before HASCALL and O'DWYER, JJ.

Hirsh & Rasquin, for appellant.
Keating & Squiers, for respondent.

PER CURIAM. An action was brought in the municipal court of the city of New York about October 3, 1900, to recover $311 alleged to be due from the defendant to the plaintiff for rent of a store known as No. 159 South Eighth street, borough of Brooklyn. The complaint sets forth two causes of action,—the first for a balance of $10 for rent for the month of April, 1900; and the second for rent for the months of June, July, August, September, and October, 1900, and water taxes, under a renting alleged to have taken place about April 20, 1900, for one year from May 1, 1900, at $660 per year, and $26 water taxes. On the return day of the summons the defendant answered, denying all the material allegations of the complaint, and gave an undertaking for the removal of the action to this court. An order directing such removal was accordingly made. The issues have been duly noticed for trial, and the case is on the calendar of this court. The second action was brought in the municipal court of the city of New York about February 27, 1901, to recover $220 alleged to be due from the defendant to the plaintiff for rent of said premises for the months of November and December, 1900, and January and February, 1901, under the same letting set forth in the second cause of action in the complaint in the first action. Under section 1366 of chapter 378 of the Laws of 1897 (charter of the city of New York), an action can only be removed to the city court from the municipal court of the city of New York upon the giving of an undertaking where the amount sought to be recovered exceeds $250. The defendant, therefore, made the motion for removal and consolidation. No affidavits were submitted by the plaintiff in opposition to the motion. The city court of the city of New York has the power to remove to that court, and consolidate with an action pending there, an action brought in the municipal court of the city of New York. Code Civ. Proc. §§ 817, 818, 3347; McKay v. Reed, 12 Abb. N. C. 58, note. The two actions were brought in favor of the same plaintiff against the same defendant for causes of action that might be joined. The nature of the causes of action was identical, arose out of the same transaction, was to be proved by the same evidence, and the same defenses were made to each cause of action. The denial of the motion subjects the defendant to two litigations, and the decision in the municipal court in the second action would in a great measure determine the prior action in this court. Sire v. Kneuper (Com. Pl.) 3 N. Y. Supp. 533; Carter v. Sully (Super. N. Y.) 19 N. Y. Supp. 244. If plaintiff desired to show that the granting of the motion would in some way prejudice him, he should have submitted affi-

davits to that effect. The motion should have been granted. Order appealed from reversed, and motion granted, with $10 costs and disbursements to defendant to abide the event.

Order reversed, and motion granted, with $10 costs to defendant to abide event.