(83 App. Div. 165.)

EDWARDS v. SHREVE.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. COUNTY COURTS—ORDERS BY JUSTICES OF SUPREME COURT—VALIDITY.

Under Code Civ. Proc. § 354, providing that, in an action or special proceeding in a county court, an order may be made without notice by a justice of the Supreme Court, where the county judge in whose court the action or special proceeding is brought may make the same, out of court, and with like effect, in a suit in a county court an ex parte order from a justice of the Supreme Court extending defendant's time to answer 20 days, was valid.

2. SAME.

In a suit in a county court, defendant on November 7th procured an ex parte order from a justice of the Supreme Court extending his time to answer 20 days. Afterwards plaintiff obtained an order from a justice of the Supreme Court that defendant show cause "at a term of this court to be held * * * on the 14th day of November * * * why an order," etc., "be amended so as to cause the date of issue to be as and of the date November 7th." Thereafter an order without date was made by the same Supreme Court justice under the caption of the said county court, reciting the order to show cause, etc., and ordering that defendant have until the 20th day of November to answer, on condition, etc. Held, that the latter order was invalid, not being supported by the order to show cause.

3. SAME.

On notice that the motion was merely to restore the date of issue, the justice could not, even on a default, shorten the time for answering on a stipulation to accept short notice of trial.

4. SAME.

Afterwards another order was made entitled at a Special Term of the Supreme Court, wherein it was stated that the same justice was present, followed by the words "County Court," etc. After stating that "the motion coming on to be heard why the order made and entered herein, vacating or modifying the extension of defendant's time," etc., "should not be vacated, and for other relief," it ordered that the orders, either ex parte or on notice, be vacated, and, further, that the defendant have until November 29th to serve his answer. Held invalid, the Special Term having no jurisdiction to make such an order.

Appeal from Special Term, Kings County.

Action brought in the county court of Suffolk county by Nellie Edwards against Thomas W. Shreve. From certain orders made in the suit by the Special Term of Kings county, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Douglas A. Lediler, for appellant.

Andrew Heyman, for respondent.

JENKS, J. The plaintiff sued in the County Court of Suffolk county. The defendant on November 7, 1902, procured an ex parte order from a justice of the Supreme Court extending his time 20 days to answer the amended complaint. This was a valid order Section 354, Code Civ. Proc. Thereupon the plaintiff obtained an order from a justice of the Supreme Court, under the caption of the said county court, that the defendant show cause "at a term of this court to be held at the courthouse in the city of Brooklyn, borough of Manhattan, on the 14th day of November, 1902, * * * why an order," etc., "be amended so as to cause the date of issue to be as and of the date November 7, 1902." Thereafter an order without date was made by the same Supreme Court justice, under the caption of the said County Court, stating that the motion to modify the order of November 7th had come on to be heard on the order to show cause, and reciting a reading of such order, the affidavit upon which it was based, proof of service of notice, and a hearing of the plaintiff's attorney. It was thereby ordered that the order of November 7 be modified as follows: "That defendant have until the 20th day of November to serve said answer, upon condition that he stipulate on or before that date to accept one week notice of trial." I think that the order was invalid for the reason that it was based on an order to show cause "at a term of this court to be held at the courthouse in the city of Brooklyn, borough of Manhattan." Though the Supreme Court justice could have vacated or modified ex parte the ex parte order extending the time, I think he acquired no jurisdiction by the order to show cause, which is the stated basis for the order in question. And further, I think that, on notice that the motion was merely to restore the date of issue, the justice could not, even on a default, shorten the time for answering upon a stipulation to accept short notice of trial. Thereafter a third order was made, entitled at a Special Term of the Supreme Court, wherein it was stated that the same Supreme Court justice was present, followed by the words "County Court, Suffolk county." That order, stating that "the motion coming on to be heard why the order made and entered herein, vacating or modifying the extension of defendant's time to answer, etc., should not be vacated, and for other relief," ordered that the orders, either ex parte or upon notice, heretofore made herein, be vacated and set aside, and further ordered that the defendant have until November 29, 1902, to serve his answer, on condition that he stipulate to let the notice of trial heretofore served stand, and without prejudice to the plaintiff's trial of the issues at the December, 1902, term of the County Court of Suffolk county; otherwise the motion is denied. This order was granted on

November 28, 1902, and was entered in the office of the clerk of the county of Suffolk on November 29, 1902. I think that this order is invalid, because a Special Term of the Supreme Court had no jurisdiction to make any order of this character in an action pending in the County Court. I think that the decisions which disregard mere formal defects, and which hold that the caption and direction of entry are not conclusive (e. g., Phinney v. Broschell, 80 N. Y. 544; Mojarrieta v. Saenz, Id. 553; Lowerre v. Owens, 14 App. Div. 216, 43 N. Y. Supp. 467; Coffin v. Lester, 36 Hun, 347), do not apply. This order is made at the Special Term. It recites that the motion came on there to be heard, and that counsel were then heard. It is marked "Enter," it is marked granted by the clerk, and it was subsequently entered. There is nothing to show that the procedure stated and formulated is not in exact accord with the facts of the practice. And thus we have before us an exercise of jurisdiction by the Special Term of the Supreme Court in an action in the County Court of Suffolk, which is not warranted by the statute. See sections 354, 772, Code Civ. Proc.

All of the orders must be reversed save the order granted ex parte extending the defendant's time to answer on November 7, 1902. That should stand. I think that under the circumstances the learned county court would not hesitate to open the default of the defendant upon merely nominal terms, in view of this maze of practice, of which only a part has been described.

The orders should be reversed, with $10 costs, as on one order, and disbursements. All concur; WOODWARD, J., in result.