WILLIAM CURRY, Respondent, *v.* LEWIS EARLL, Appellant.

Fourth Department, March 26, 1924.

Pleadings — consolidation of actions — Supreme Court has no power under Civil Practice Act, §§ 96 and 97, to consolidate action pending before justice of peace with action pending in County Court, though both actions arose out of collision between automobiles owned by parties — County Court may possess authority under Civil Practice Act, § 1572 — order for consolidation cannot be sustained under Civil Practice Act, § 130.

The Supreme Court does not have power under section 96 or section 97 of the Civil Practice Act to consolidate an action pending before a justice of the peace with an action pending in the County Court, though both actions arose out of a collision between the automobiles of the parties.

*It seems,* that the County Court may possess authority under section 1572 of the Civil Practice Act to consolidate the action pending before the justice of the peace with the action pending in the County Court.

The order for consolidation cannot be sustained under section 130 of the Civil Practice Act providing that certain *ex parte* orders in actions or special proceedings in the County Court may be made by a justice of the Supreme Court, for the Supreme Court cannot exercise under that section jurisdiction in matters affecting the substantial rights of the parties or interfering with the jurisdiction and authority of the County Court.

APPEAL by the defendant, Lewis Earll, from an order of the Supreme Court, made at Special Term upon the return of an order to show cause, and entered in the office of the clerk of the county of Steuben on the 26th day of December, 1922, directing that an action brought by the defendant against the plaintiff in the Justice's Court in the town of Bradford, Steuben county, be consolidated with an action brought by the plaintiff against defendant in the County Court, Steuben county.

*Sebring & King [James O. Sebring* of counsel], for the appellant.

*Edwin J. Carpenter,* for the respondent.

DAVIS, J.:

On February 19, 1922, a collision occurred between the automobiles of the plaintiff and defendant on the highway in the town of Bradford, Steuben county. The plaintiff's attorney, bringing an action for damages resulting from said collision, delivered to the sheriff of Steuben county a County Court summons directed to defendant, dated October 11, 1922, which was served October seventeenth. In the meantime, on October fourteenth, the defendant brought an action against plaintiff by the service of a summons issued by a justice of the peace of the town of Bradford, returnable October twenty-fourth.

On October twenty-third the parties stipulated that the action in the Justice's Court be adjourned and all rights reserved to all parties until November fourteenth. It appears that the attorney for Earll mailed a copy of the complaint in that action to the attorney for Curry, which is printed in the record.

Evidently a complaint in the County Court action has been served, for it is printed in the record, but the date of such service on the defendant's attorney is not given.

On November thirteenth plaintiff obtained an order directing defendant to show cause in the Supreme Court why an order should not be made consolidating the action brought in the Justice's Court with the County Court action. The two complaints show that the separate causes of action arose out of the same transaction, and that each party is seeking to recover the damages he sustained in the collision by reason of the negligence of the other. The order was granted and defendant appeals.

It is provided in section 96 of the Civil Practice Act that actions

may be consolidated whenever it can be done without prejudice to a substantial right. This section was derived from section 817 of the Code of Civil Procedure, which provided that where two or more actions in favor of the same plaintiff against the same defendant for causes of action which may be joined, are pending in the same court, the court may in its discretion, by order, consolidate any or all of them into one action.

Section 97 of the Civil Practice Act provides that where one of the actions is pending in the Supreme Court and another is pending in another court, the Supreme Court by order may remove to itself the action in the other court and consolidate it with that in the Supreme Court. This section is practically identical in language with section 818 of the Code of Civil Procedure.

The language of section 96 of the Civil Practice Act does not definitely authorize the Supreme Court to sever or consolidate actions pending in different courts of inferior jurisdiction. There is nothing to indicate that the Legislature had such a purpose in mind, or that it intended to enlarge in that respect the jurisdiction formerly conferred by sections 817 and 818 of the Code of Civil Procedure. While the power of consolidation of actions pending in the same court may be inherent in the court in the absence of statute (*Thompson* v. *Shepherd*, 9 Johns. 262; *Mutual Life Ins. Co.* v. *Hillmon*, 145 U. S. 285, 292; 1 C. J. 1122), there would seem to be no such authority to consolidate actions pending in different courts of different jurisdictions. (*Shotter Co.* v. *Larsen*, 134 Fed. Rep. 705; revd., on other grounds, 140 id. 860; 1 C. J. 1131.)

In this State the statute, as we have seen, specifically authorizes the Supreme Court to remove a cause of action from an inferior court and consolidate it with one pending in the Supreme Court, where the causes of action are such as may be joined. (Civ. Prac. Act, § 97; *Isear* v. *Daynes*, 1 App. Div. 557.) Very likely the County Court possesses the same authority. (Civ. Prac. Act, § 1572; Code Civ. Proc. § 3347, subd. 6; *Carter* v. *Sully*, 19 N. Y. Supp. 244; *Sire* v. *Kneuper*, 15 Daly, 40; *Curley* v. *Schaefer Brewing Co.*, 35 Misc. Rep. 131; 1 C. J. 1131.) However, we are not called upon to decide that question on this appeal.

Respondent's counsel seeks to justify the order under section 130 of the Civil Practice Act, providing that certain *ex parte* orders in actions or special proceedings in the County Court may be made by a justice of the Supreme Court. While certain orders in actions pending in the County Court may be made, and subsequently vacated or modified by the Supreme Court, the latter court may not exercise jurisdiction in matters affecting substantial rights of the parties

or interfering with the jurisdiction and authority of the County Court. (*Edwards* v. *Schreve,* 83 App. Div. 165.) The question of consolidation is always in the discretion of the court (*Bush* v. *Abrahams,* 15 Daly, 168; *Dunn* v. *Mason,* 7 Hill, 154; *Toledo, St. L. & K. C. R. Co.* v. *Continental Trust Co.,* 95 Fed. Rep. 497), and the exercise of discretion should in any event be left to the court in which the action will be tried. This order may not be sustained under the provisions of the section cited.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Date for hearing in Justice's Court fixed at ten A. M. on the 4th day of April, 1924.