GEORGE STERNBERG, Plaintiff, *v.* MAX BERGMAN and Another, Defendants.

County Court, Sullivan County, May 4, 1931.

*Isadore Rothenberg*, for the plaintiff.

*Newberg & Sakofsky*, for the defendant Bergman.

COOKE, J. This is a motion to consolidate an action in the Justice's Court with the above-entitled action in this court. Max Bergman brought an action in the Justice's Court, town of Fallsburgh, against George Sternberg. George Sternberg brought this action in the County Court against Max Bergman and Max McCarthy.

It appears that the summons in the action in the County Court was issued on April 15, 1931, complaint therein was verified April 16, 1931, and they were served April 25, 1931. The summons in the Justice's Court action was dated April 20, 1931, served April 22, 1931, and returnable April 28, 1931. The causes of action in both cases arose from the same automobile collision between the cars owned by Sternberg and Bergman. McCarthy was the driver of the Bergman car.

The first question which arises is: Has the County Court the power to consolidate these actions if it believe it should be done?

In *Curry* v. *Earll* (209 App. Div. 205, 207), decided in 1924, it states: " In this State the statute, as we have seen, specifically

authorizes the Supreme Court to remove a cause of action from an inferior court and consolidate it with one pending in the Supreme Court, where the causes of action are such as may be joined. (Civ. Prac. Act, § 97; *Isear* v. *Daynes*, 1 App. Div. 557.) Very likely the County Court possesses the same authority. (Civ. Prac. Act, § 1572; Code Civ. Proc. § 3347, subd. 6; *Carter* v. *Sully*, 19 N. Y. Supp. 244; *Sire* v. *Kneuper*, 15 Daly, 40; *Curley* v. *Schaefer Brewing Co.*, 35 Misc. Rep. 131; 1 C. J. 1131.) However, we are not called upon to decide that question on this appeal."

Our attention has been called to the case of *Blumenthal & Co., Inc.*, v. *Tiedemann & Sons, Inc.* (118 Misc. 560, 561), decided in 1922, where we find the following: " The respondent has failed to call our attention to any express statutory provision which warrants the order appealed from. It is true that prior to the adoption of the Municipal Court Code (Laws of 1915, chap. 279) and the raising of the *status* of that court to that of a court of record the power was given to the City Court on the filing of an undertaking by the party seeking leave, to remove a case from the Municipal Court to the City Court and consolidate it with another action between the parties pending in the City Court (*Curley* v. *F. & M. Schaefer Brewing Co.*, 35 Misc. 131), but the power thus conferred by the statute no longer exists, and the provisions of sections 96, 97 and 1572 of the Civil Practice Act do not seem broad enough to confer the jurisdiction assumed in this case of removing an action pending in one court of record — the Municipal Court — to another court of record not the Supreme Court."

In that case there was an appeal from an order made by the City Court of the city of New York granting plaintiff's motion to consolidate an action in that court with an action in the Municipal Court.

In *Melker* v. *Guarino* (135 Misc. 548, 549), decided in 1930, it states: " In its opinion the Appellate Term of the First Department [*Levey Co.* v. *Fox*, 121 Misc. 113] did not specifically consider the effect of section 1572 of the Civil Practice Act, which provides that where there is a substantial re-enactment of a former provision of the Code of Civil Procedure in the Civil Practice Act and the former provision was expressly made applicable to specified courts, the provisions of the Civil Practice Act shall be applicable to such courts to the same extent. Section 817 of the Code of Civil Procedure did not limit to the Supreme Court the power to consolidate actions. * * *

" Subdivision 6 of section 3347 of the Code of Civil Procedure made applicable to all courts of record the provisions of section 817. The Municipal Court is a court of record. We are of the opinion that section 17, Municipal Court Code does not prohibit the

consolidation of actions brought in different districts. That section deals with the proper place to bring an action and the transfer of an action improperly brought. It does not regulate the procedure where two actions by the same parties, arising out of the same subject-matter, are brought in the proper districts, or one of such actions is brought in the proper district. It would seem, therefore, that section 17, Municipal Court Code, neither directly or impliedly denies the power to consolidate such actions."

The County Court is a court of limited jurisdiction, and has just such powers, and no others, as are conferred upon it by statute.

Sections 96, 97, 1572, of the Civil Practice Act, are as follows:

"§ 96. Consolidation and severance of actions. An action may be severed and actions may be consolidated whenever it can be done without prejudice to a substantial right."

"§ 97. Consolidation of actions pending in different courts. Where one of the actions is pending in the supreme court and another is pending in another court, the supreme court, by order, may remove to itself the action in the other court and consolidate it with that in the supreme court."

"§ 1572. Application of certain provisions to various courts. A provision of this act which is a substantial re-enactment of a provision of the code of civil procedure which, by the terms of such code, was expressly made applicable to a specified court or courts, shall be applicable to the same court or courts in the same manner and to the same extent as the former provision."

The revisers' note, under section 1572, says its source is from Code of Civil Procedure, section 3347, in part.

Under section 3347, subdivision 6, Code of Civil Procedure, it says among other things that sections 817 to 819, both inclusive, apply to all courts of record. The County Court is a court of record.

Section 97, Civil Practice Act, is a re-enactment of section 818 of the Code of Civil Procedure.

What is the ordinary meaning and the fair intendment to place upon this language, " That it applies to all courts of record?"

Judge BOOKSTAVER in *Sire* v. *Kneuper* (15 Daly, 40, 41) says: " Section 818 of the Code in terms applied to the Supreme Court alone, but section 3347 extends the provision to all courts of record." That would seem to be the reasonable and ordinary deduction to draw from that language.

Therefore, under section 1572 of the Civil Practice Act, section 97 of the Civil Practice Act, being a substantial re-enactment of section 818 of the Code of Civil Procedure and by the terms of the Code was expressly made applicable to all courts of record,

section 97 of the Civil Practice Act shall be applicable to the same court or courts in the same manner and to the same extent as the former provision. It would, therefore, follow that it applies to the County Court, and that the County Court has the power to consolidate if it see fit to exercise it in a proper case and it can be done without prejudice to a substantial right. It would be much more simple if this addition were made to section 97.

Here the complaint in Justice's Court claims damages in the sum of $91; the complaint in the County Court claims damages in the sum of $500. Subdivision 4 of section 139 of the Justice Court Act says that the court must have jurisdiction of a cause of action founded on the counterclaim. Under section 3, subdivision 2, of the same act, a justice of the peace has jurisdiction in an action to recover damages for an injury to property where the sum claimed does not exceed $200. The plaintiff in this case cannot pursue his remedy in the Justice's Court. These causes of action arose from the same accident. There are the same parties involved, and it would seem to be the better plan to try out the whole matter in one action. The trend seems to be to prevent the multiplicity of lawsuits, and, where a controversy may be determined in one action, it is better to do so. The plaintiff in the Justice's Court action claims that, if he be the plaintiff in this action and recovers judgment for less than $50, he will be liable for costs. That situation can be taken care of, if he wishes to set forth his cause of action as a counterclaim herein.

Motion is, therefore, granted, without costs. The plaintiff in the Justice's Court action may have the affirmative in the County Court action if he so desires, or he may interpose his cause of action as a counterclaim herein. Order to be agreed upon or settled on notice, in which order the respective positions of the parties to this action will be determined.