PEARL GREENE, Plaintiff, *v.* MARTIN BEACORN, Defendant.

County Court, Nassau County, December 21, 1932.

*Stoll & Lynde,* for the plaintiff.

*Francis J. Parks,* for the defendant.

JOHNSON, J. On January 1, 1932, the automobiles of Greene and Beacorn collided and as a result of the collision both parties claimed to have suffered personal injuries and property damage. On March 22, 1932, Greene sued Beacorn in the County Court of Nassau county for $1,000 for such personal injuries and for $200 property damage. Beacorn appeared and answered in that action denying liability but asserting no counterclaim. That action was noticed for trial, placed upon the calendar and is awaiting trial in the County Court.

On November 14, 1932, Beacorn sued Greene in the Justice's Court in the town of Hempstead in this county for $200 for personal injuries and property damage which he claimed to have incurred as a result of the collision in question.

Greene now moves in this court for an order consolidating the action in the Justice's Court with the action in the County Court. The parties, the issues and the causes of action are the same. The question, and the only question to be determined in each action is: Whose was the negligence, and which of the two parties, if either, is liable to respond in damages for the injuries to the person and property of the other.

Obviously, in the interests of justice and proper and orderly administration of the courts, there should be but one trial of this issue between these parties. The first action was brought in this court. The issue and the parties were before this court and subject to its jurisdiction before the action in the Justice's Court was instituted. It would seem apparent, therefore, that the issue should be determined in this court. Beacorn, however, asserts that this court is powerless to effect a consolidation of these two actions. In the absence of statute or controlling authority definitely prohibiting this court from effecting such a consolidation, it is unwilling to admit such judicial helplessness.

For years the bench and the bar have been subjected to fairly justified criticism for their failure to bring the administration of the

law into line with modern progress and development in other fields. For years the history of legal procedure has been the history of attempts to release such procedure from the shackles placed upon it by the technicalities of the common law, and later by strict codes of procedure whereby the powers and procedure of the courts were attempted to be prescribed in minutest detail by the Legislature. Hence the many commissions to simplify practice and procedure, resulting finally in the present Civil Practice Act and General Rules of Practice. The purpose sought has been the attainment of justice expeditiously, and at the same time the protection of the substantial rights of the litigants. In the course of that struggle the courts have more and more often asserted their inherent right to control and direct the progress of litigation to the end that such purpose may be attained. The trend, indicated both by judicial decision and legislation, has been away from the ·theory that the courts are or should be confined strictly in their procedure by legislative enactments, with their power to move in the administration of justice dependent solely upon express legislative authorization, with the resultant clogging of the wheels of justice, and toward the broader view of the power of the courts, either inherently or by virtue of rules promulgated by the courts themselves with general legislative sanction, to control the progress of a cause, of which such courts have obtained jurisdiction as to subject-matter and parties. The Civil Practice Act and Rules of Civil Practice are to be construed in the light of that history and of that trend.

An examination of the authorities and of the statutes has convinced me that this court is not prohibited from granting, in the interest of justice, the relief here sought. Having jurisdiction of the cause of action and of the parties thereto in the action now at issue in this court, I am convinced that this court would have the power to enjoin the prosecution of the action in the Justice's Court pending the determination of the action in this court. Furthermore, Greene, who desires this action tried in this court, might accomplish her purpose at least indirectly by permitting the plaintiff to proceed to trial and recover judgment in the Justice's Court action, following which Greene might at once appeal for a new trial as a matter of right in this court. Unquestionably the action would then be an action in this court and could, and would be consolidated with the action now pending here. The result which might thus be attained indirectly or circuitously should be possible of attainment directly.

Beacorn contends that the County Court is a court of limited jurisdiction, having only such jurisdiction as is conferred upon it by statute. This is true. It does not follow, however, that this court, once having jurisdiction of the cause of action and the parties

to it, has only such judicial powers with reference to the conduct of that cause of action as are specifically and expressly conferred upon it by statute.

The statute provides that actions may be consolidated whenever it can be done without prejudice to a substantial right. (Civ. Prac. Act, § 96.) To be sure, there is an express provision authorizing the Supreme Court to remove to itself an action pending in another court and to consolidate it with an action pending in the Supreme Court. (Civ. Prac. Act, § 97.) There is no similar provision expressly authorizing a County Court in which an action is pending to remove to itself an action in another court and consolidate the two. The provision of section 97 of the Civil Practice Act, however, is not expressly exclusive and it should not be so construed as to require exclusion by implication.

Section 96 of the Civil Practice Act replaced section 817 of the Code of Civil Procedure which provided that a court might consolidate certain causes of action " pending in the same court." Section 97 of the Civil Practice Act is a re-enactment, in *hæc verba*, of section 818 of the Code of Civil Procedure. The latter Code provided that sections 817 and 818 thereof should apply to " all courts of record." (Code Civ. Proc. § 3347, subd. 6.) Section 1572 of the Civil Practice Act provides: " A provision of this act which is a substantial re-enactment of a provision of the Code of Civil Procedure which, by the terms of such code, was expressly made applicable to a specified court or courts, shall be applicable to the same court or courts in the same manner and to the same extent as the former provision."

Section 817 of the Code of Civil Procedure did not limit to the Supreme Court the power to consolidate actions. It applied to all courts of record. (Code Civ. Proc. § 3347, subd. 6.) It *did* limit such power to actions " pending in the same court." Section 96 of the Civil Practice Act (which superseded section 817 of the Code of Civil Procedure) contains no such limitation. It applies to all courts of record. The same may be said of section 817 of the Code of Civil Procedure. Although by its terms confined to the Supreme Court, the power was extended by section 3347, subdivision 6, of that Code to all courts of record, and the effect of that provision is carried over by section 1572 of the Civil Practice Act into section 97 of the Civil Practice Act, which was a re-enactment of section 817 of the Code of Civil Procedure. The intent of the Legislature to extend the power in question to all courts of record is in line with similar provisions making applicable the provisions of the Civil Practice Act to civil practice in all the courts of record of the State (Civ. Prac. Act, § 1), making applicable generally to the Surrogate's

Court provisions of law or of rules applicable to practice or procedure in the Supreme Court (Surr. Ct. Act, § 316), and the provisions making the Rules of Civil Practice, adopted in accordance with the statute, binding upon all the courts in the State and all judges and justices thereof, except the Court for the Trial of Impeachments and the Court of Appeals. (Judiciary Law, § 94.)

Consequently, I find no statutory provision expressly or impliedly prohibiting the County Court from exercising the right to consolidate in a situation such as is here presented. Having jurisdiction of the cause and of the parties, this court, and the judge of this court, possess the same power and authority in and over the action which the Supreme Court, and a justice thereof, possess in a like action brought in the Supreme Court. (Civ. Prac. Act, §§ 69 and 74.) Jurisdiction existing, it is a question only of judicial power; and in my opinion such power is not only inherent in this court but is also conferred at least by implication by the statutes above referred to. I am confirmed in this opinion by the dicta, if not by the actual decisions, of the courts to which this question has already been presented. In *Curry* v. *Earll* (209 App. Div. 205) the Appellate Division in the Fourth Department, in an opinion by Mr. Justice DAVIS, in which all concurred, held that the Supreme Court was without power, under sections 96 or 97 of the Civil Practice Act, to consolidate an action pending before a justice of the peace with an action pending in the County Court where both actions arose out of a collision between the automobiles of the parties. This decision rested upon the proposition that the Legislature had expressly defined the power of the Supreme Court to consolidate by confining such consolidation to cases wherein one of the actions was pending in the Supreme Court. Pointing out that statutory authority existed in the Supreme Court to remove a cause of action from an inferior court and consolidate it with one pending in the Supreme Court, it said: " Very likely the County Court possesses the same authority," and cited Civil Practice Act (§ 1572); Code Civ. Proc. (§ 3347); *Carter* v. *Sully* (19 N. Y. Supp. 244); *Sire* v. *Kneuper* (15 Daly, 40); *Curley* v. *Schaefer Brewing Co.* (35 Misc. 131).

In the *Curley Case* (*supra*) the City Court of the City of New York consolidated with an action pending in that court an action for the same cause between the same parties pending in the Municipal Court, basing its authority so to do upon the statutes above referred to. The court said: " The City Court of the City of New York has the power to remove to that court, and consolidate with an action pending there, an action brought in the Municipal Court

of the city of New York. (Code Civ. Proc. §§ 817, 818, 3347; *McKay* v. *Reed*, 12 Abb. N. C. 58, note.)

" The two actions were brought in favor of the same plaintiff against the same defendant for causes of action that might be joined; the nature of the causes of action was identical, arose out of the same transaction, was to be proved by the same evidence, and the same defenses were made to each cause of action. The denial of the motion subjects the defendant to two litigations, and the decision in the Municipal Court in the second action would in a great measure determine the prior action in this court. (*Sire* v. *Kneuper*, 15 Civ. Pro. 434; *Carter* v. *Sully*, 19 N. Y. Supp. 244.)"

In *Melker* v. *Guarino* (135 Misc. 548) the Appellate Term of the Second Department, opinion by Mr. Justice McCrate, sustained the consolidation of two actions in the Municipal Court where the parties and issues were the same. Mr. Justice McCrate, in his opinion, again pointed out the effect of section 1572 of the Civil Practice Act, read in connection with section 3347, subdivision 6, of the Code of Civil Procedure, making those provisions of that act, which were substantial re-enactments of the Code of Civil Procedure, applicable in effect to all courts of record, and that section 817 of the Code of Civil Procedure did not expressly limit to the Supreme Court the power to consolidate actions. The court held, therefore, that the Municipal Court Code did not prohibit the consolidation of actions brought in different districts and did not, either directly or impliedly, deny the power to consolidate such actions. The same reasoning applies exactly to the construction of present sections 96, 97 and 1572 of the Civil Practice Act, and former sections 817, 818 and 3347, subdivision 6, of the Code of Civil Procedure, upon the question now presented.

Finally, in *Sternberg* v. *Bergman* (140 Misc. 569) exactly the same question as is now before this court was presented to the County Court of Sullivan county; and that court, after a review of all the statutes and authorities above referred to, held that the County Court did have the power to consolidate, the exercise of which power, however, was necessarily within the discretion of the court to which removal and in which consolidation were sought. (See, also, *Curry* v. *Earll*, *supra*, p. 208.)

Upon reason and authority, therefore, the motion should and will be granted.