JOHN E. DATZ, Respondent, v. ECONOMY COTTON GOODS STORES, INC., Appellant.*

Second Department, July 22, 1933.

*Emanuel Levy* [*Benjamin H. Berman* with him on the brief], for the appellant.

*Edward E. Edstrom*, for the respondent.

PER CURIAM. We are of opinion that the order was correctly made. Section 818 of the Code of Civil Procedure was re-enacted in section 97 of the Civil Practice Act, and is as follows: " Where one of the actions is pending in the Supreme Court and another is pending in another court, the Supreme Court, by order, may remove to itself the action in the other court and consolidate it with that in the Supreme Court."

Section 1572 of the Civil Practice Act provides: " A provision of this act which is a substantial re-enactment of a provision of the Code of Civil Procedure which, by the terms of such Code, was expressly made applicable to a specified court or courts, shall be applicable to the same court or courts in the same manner and to the same extent as the former provision."

Subdivision 6 of section 3347 of the Code of Civil Procedure provides in part: " Chapter eight applies only to the proceedings taken on or after the first day of September, 1877, in an action or special proceeding in one of the courts specified in subdivision fourth of this section; except that sections 721, 722, 724 to 727, both inclusive, and 817 to 819, both inclusive, apply to all courts of record."

In view of this provision and of section 1572 of the Civil Practice Act, it is concluded that since the County Court is a court of record it may do what the Supreme Court is authorized to do

---

under section 818 of the Code of Civil Procedure (now section 97 of the Civil Practice Act). (*Sternberg* v. *Bergman*, 140 Misc. 569; *Carter* v. *Sully*, 19 N. Y. Supp. 244; *Greene* v. *Beacorn*, 145 Misc. 870; *Sire* v. *Kneuper*, 15 Daly, 40; *Curley* v. *Schaefer Brewing Co.*, 35 Misc. 131.)

However, an important part of section 3347 of the Code of Civil Procedure has been overlooked. It is at the beginning thereof and is as follows: " The application and effect of certain portions of this act are declared and regulated as follows: except that, where a particular provision, included within a chapter or a portion of a chapter, specified in a subdivision of this section, expressly designates the courts, persons, or proceedings, affected thereby, that provision is deemed excluded from the application and effect, prescribed in the subdivision."

Section 818 of the Code of Civil Procedure (now section 97 of the Civil Practice Act) applies solely and only to the Supreme Court. It is, therefore, excluded from the application of section 3347 of the Code of Civil Procedure, although specifically mentioned in subdivision 6 thereof. Section 1572 of the Civil Practice Act is of no avail. Attention has not been called to any other provision which permits consolidation of an action in a Justice's Court with an action in the County Court. The desirability of the consolidation of such actions is a subject for legislative consideration.

The order should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., CARSWELL and TOMPKINS, JJ., concur; KAPPER and HAGARTY, JJ., dissent and vote to reverse and to grant the motion.

Order of the County Court of Nassau county denying motion to consolidate actions affirmed, with ten dollars costs and disbursements.