Benjamin Brenner, J.
Petitioner is the plaintiff in a City Court action to recover treble damages from a landlord because of bonus payments and he is the defendant in the Municipal Court in a summary proceeding brought by said landlord for nonpayment of rent. He requests consolidation and removal to this court of such two actions.
The basis for the application is that the landlord had instituted similar summary proceedings and, according to the petitioner, this is a pattern of conduct designed to harass him. He, therefore, seeks to curtail litigation through consolidation and trial in this court. Petitioner further states that the City Court does not have jurisdiction, as does this court, of the holdover proceedings. On oral argument he also contended that the landlord had threatened to make himself judgment proof, which requires a deposit of the rent in this court, pending outcome of the suit in the City Court. This latter argument is untenable as a preservation of rent based on threatened insolvency, if obtainable at all, may also be requested in the lower court.
Petitioner’s contention that the City Court has no jurisdiction of a “ holdover proceeding ” is incorrect (Civ. Prac. Act, § 1413). However, the problem here is not the institution of such proceedings but removal of actions. While section 18-a of the New York City Court Act provides that an action may be removed from the Municipal Court and joined with an action pending in the City Court, a summary proceeding is not considered an action and thus may not be removed to the City Court (Dalal v. Green, 120 N. Y. S. 2d 564).
Nor has this court the power to grant the application. Section 96 of the Civil Practice Act provides for the consolidation of actions whenever it can be done without prejudice to a substantial right. It has been construed as applying only to consolidation with actions pending in the same court (Curry v. Earll, 209 App. Div. 205). .Neither does section 97 make any provision for the consolidation of actions pending in lower courts where there is no action pending in the court which *679 orders consolidation (Curry v. Earll, supra ; Matter of Comfort-Zone Corp., 140 N. Y. S. 2d 76 ; 2 Carmody-Wait, New York Practice, p. 480).
Consolidation might, however, be obtained after first removing one of these actions to this court, but even the power to remove is limited. Section 110-a of the Civil Practice Act gives this court the power to remove to itself any action in which it appears that the title to real property will come in question or that the damages sustained are greater in amount than originally alleged or where the court does not have jurisdiction of the subject matter. None of these circumstances appears to be present here. This court does not, therefore, have the power to either consolidate prior to removal or to remove either one of these actions here and then consolidate. Application denied.