James S. Brown, J.
Motion by defendants for an order pursuant to section 19 (subd. a) of article VI of the Constitution of the State of New York and CPLR 325 (subd. [b]) for an order (1) removing the action by Peter Grimaldi pending in the District Court of the County of Nassau, First District, to this court; (2) consolidating with it the action by Hot Coffee Vending Service Inc., pending in the Civil Court of the City of New York, Kings County; and (3) remanding said consolidated action back to the Civil Court.
Subdivision a of section 19 of article VI of the Constitution provides: “ § 19. [Transfer of actions or proceedings.] a. The supreme court may transfer any action or proceeding, except one over which it shall have exclusive jurisdiction which does not depend upon the monetary amount sought, to any other court having jurisdiction of the subject matter within the judicial department provided that such other court has jurisdiction over the classes of persons named as parties. As may be provided by law, the supreme court may transfer to itself any action or proceeding originated or pending in another court within the judicial department other than the court of claims upon a finding that such a transfer will promote the administration of justice.”
It would therefore appear that the action or proceeding referred to must be an action or proceeding pending in this court. In that regard the Weinstein-Korn-Miller, New York Civil Practice (vol. 2, par. 602.21) states: “ If 602.21. Requirement that case be pending in court ordering consolidation. There must be an action pending in a court for it to order consolidation or a joint trial; courts have been held to lack the power to consolidate actions pending only in courts of inferior jurisdiction. There is some doubt about whether the Supreme Court lacks power to order consolidation in lower courts. It could, for example, move the cases to itself, consolidate them and then transfer them back down. This power, if it exists, is probably best left unexercised as a matter of comity.” (To the same effect see Matter of Elliotte, 28 Misc 2d 677; Matter of Comfort-Zone Corp., 140 N. Y. S. 2d 76.)
CPLR 325 (subd. [b]) reads in part: “From court of limited jurisdiction. Where it appears that the court in which an action is pending does not have jurisdiction to grant the relief to which the parties are entitled, a court having such jurisdiction may remove the action to itself upon motion.”
In my opinion, the phrase “ the relief to which the parties are entitled ” refers to the relief demanded in the pleadings and has no reference to a motion of this type. Weinstein-KornMiller, New York Civil Practice (vol. 1, par. 325.09) reads:
*56 “ 1T 325.09. Nature of provision. CPLR 325(b) enables a plaintiff, who has commenced an action in a court of limited jurisdiction and who now finds that such court does not have jurisdiction to grant the relief to which he is entitled, to apply for removal to a court having such jurisdiction. By removing his action, an ‘ aggrieved litigant ’ will not be ‘ prevented from obtaining the full measure of justice available in our system for any wrong that might have been done him. ’
‘ ‘ If 325.10. Situations in which applicable. Removal is available in all situations ‘ [w]here it appears that the court in which an action is pending does not have jurisdiction to grant the relief to which the parties are entitled. ’ That phrase replaces the former express references to section 110-a of the Civil Practice Act to lack of jurisdiction over title to real property, and to damages greater than those originally alleged. The substituted language is broad enough to cover all the defects of jurisdiction encompassed in former section 110-a(l).”
The motion is denied.